TAYLOR, *Appellant*, v. CAYCE.

1. **Practice in Supreme Court**: WEIGHING EVIDENCE. In an action at law, although the case is tried by the court sitting as a jury, and no instructions are asked or given, the supreme court will not weigh the evidence and determine whether or not the finding of the trial court was correct.

2. —— : ——. In an equity case, the supreme court will not set aside the finding of the circuit court upon a question of fact unless entirely satisfied that such finding is against the preponderance of the evidence.

3. **Mistake**: DEED. Where a deed is fairly obtained, without mistake or fraud, it cannot be vacated at the option of the grantor, especially where the parties cannot be restored to the positions respectively occupied by them before the deed was made.

4. —— : —— : BURDEN OF PROOF. Where a grantor seeks to avoid a deed on the ground of mistake or fraud, and it appears he was the owner of the land for many years before he made the deed, the burden of proving his ignorance of the nature and extent of his title would be upon him as a necessary essential to any claim of mistake on his part.

Taylor v. Cayce.

5. **Practice**: EVIDENCE. The admission of merely irrelevant evidence in a trial by the court without a jury is not ground for reversal.

6. ——— : ———. The circuit court may permit the reopening of plaintiff's or defendant's evidence, when once closed, if the ends of justice at the time appear to require it.

7. ——— : ———. Where the circuit court is sitting as a trier of facts, it is not bound to make immediate rulings on all offers of testimony. If counsel desire its ruling announced before its finding on the whole case, they should make their desire known to the court at the hearing in a specific manner. A mere general objection to the reception of testimony "subject to objection" would not preserve the point for review.

*Appeal from St. Francois Circuit Court.*—HON. J. D. Fox, Judge.

AFFIRMED.

*John F. Bush* for appellant.

(1) The combination of circumstances and influences, under which appellant gave the quit-claim deed to respondent, made that conveyance a fraud on his rights. That conveyance was the result of appellant's surprise, of his ignorance or mistake concerning his title, his overweening confidence in respondent, respondent's representations concerning the price the company was giving for the lands, and other circumstances operating in symphony. In compassing this result, respondent had, and was a controlling agency, had, under the circumstances, the mastery of the situation, and of appellant's course of action. Some of these incidents and circumstances attending the transaction, alone, or in isolation from the others, afford ample ground for annulling the quit-claim deed. Appellant's ignorance or mistake concerning the condition or foundations of his title is one of these vitiating incidents. Such ignorance or mistake was, in the view of equity, mistake or

ignorance of matter of fact. And from such ignorance or mistake concerning title, resulting in conveyances or other contracts, equity will relieve, as from other mistake or ignorance of facts. 2 Pom. Eq. pars. 849, 846, 853, 854 and 840 ; Kerr on Fraud and Mistake, 398, 399 and 400 ; *Harney v. Charles*, 45 Mo. 157.

*Hough, Overall & Judson* also for appellant.

(1) The facts stated in the petition and proved at the trial make this cause one of equitable cognizance. 2 Pom. Eq. sec. 849 ; *Cooper v. Phibbs*, L. R. 2 H. L.149 ; *Broughton v. Hutt*, 3 De Gex. 501–4. (2) At the time of the execution of the quit-claim deed the plaintiff had title to the land in controversy, and is therefore entitled to be paid therefor.

*Smith, Silver & Brown, Wm. Carter* and *M. L. Clardy* for respondent.

(1) This is an action at law for money had and received. *Skeen v. Johnson*, 55 Mo. 24 ; *Kreitz v. Livingston*, 15 Cal. 344 ; *Cary v. Curtis*, 3 How. [U. S.] 236 ; *Bank v. Rice*, 107 Mass. 41 ; *Carr v. Bank*, 107 Mass. 45 ; *Eagle Bank v. Smith*, 5 Conn. 7 ; *Stimpson v. Ins. Co.*, 47 Me. 385. Or if not that, it is an action for damages in the nature of a writ of deceit against defendant for making false and fraudulent representations, whereby plaintiff was induced to execute said quit-claim deed to defendant. *Brownlee v. Hewitt*, 1 Mo. App. 360 ; *Levering v. Schnell*, 78 Mo. 167. (2) The action, which was one at law, was tried before the circuit court sitting as a jury, and as there were no instructions asked or given, the judgment must be affirmed, unless there was no evidence to support it. *Smith v. Dunklin Co.*, 83 Mo. 195 ; *Miller v. Breneke*, 83 Mo. 163 ; *Cunningham v. Snow*, 82 Mo. 587 ; *Wielandy v. Lemuel*, 47 Mo. 322 ; *Alturn v. Arnold*, 27 Mo. 264 ; *Baum v.*

*Freyrear*, 85 Mo. 151. Nor will this court weigh the evidence and undertake to say the finding is not sustained by the weight of the evidence. *Baum v. Freyrear*, *supra ; Anderson v. Griffith*, 86 Mo. 549 ; *Hamilton v. Boggess*, 63 Mo. 251 ; *Gaines v. Fender*, 82 Mo. 509. Nor will it disturb the finding of the trial court where the evidence will justify the finding either way. *State ex rel. v. St. L. B. Co.*, 85 Mo. 41 ; *Filley v. McHenry*, 84 Mo. 277 ; *Miller v. Breneke*, 83 Mo. 163. Every presumption is to be made in favor of the judgment of the circuit court. *Wood v. Land*, 22 Mo. App. 425. (3) This is not an action of ejectment, but an action to recover damages for deceit and fraudulent representations. It is not alleged in the petition that defendant himself made false and fraudulent representations in respect to said land, but that Weber, as his agent, did so. Weber denied that he made such statements. The agency of Weber was not proven. On the contrary defendant and Weber both concurred in stating that the authority of the latter was limited to the bare presentation of the deed to plaintiff for his signature. *Caldwell v. Henry*, 76 Mo. 254. The testimony nowhere discloses that defendant made any false statement in relation to said land, which excluded the possibility of honest error, and which was relied on by plaintiff, and which was the proximate cause of the execution and delivery of said quit-claim deed. Story Eq. Jur. sec. 200 ; *Brownlee v. Hewett*, 1 Mo. App. 360 ; *Bryan v. Hitchcock*, 43 Mo. 427 ; *Dunn v. White*, 63 Mo. 181 ; *Morse v. Rathburn*, 49 Mo. 91 ; *Clark v. Edgar*, 84 Mo. 106

PER CURIAM.—By this proceeding, appellant seeks to recover of respondent the proceeds of sale of certain lands.

The appellant's petition asserts his former ownership of the lands and that he made a quit-claim deed of

them to respondent who thereafter sold them with other lands to the Iron Mountain Company. Without reciting the allegations of the petition at length, it will be sufficient to note the facts on which appellant predicates his prayer for relief against the effect of his quit claim so given. He charges that "on the twenty-seventh day of June, A. D., 1882, the defendant made application to plaintiff for a quit-claim deed or conveyance of his (plaintiff's) aforesaid premises for the purpose of enabling defendant to convey a good title to the whole tract or body of land which said premises of plaintiff and said premises of defendant together form and compose, and which defendant was then endeavoring to sell to said Iron Mountain Company. Defendant made such application, and spoke to plaintiff about and for such quit-claim deed or conveyance, about sunset on said day, telling plaintiff at the time that said company was willing to pay and was going to pay for said body of land forty dollars per acre, which plaintiff avers was the reasonable value of his portion of said lands. From this application for said conveyance and from the conversation and conduct of defendant in that behalf, did plaintiff first learn that the defendant was endeavoring to sell his (plaintiff's) said premises, and had on hand the foregoing scheme and negotiation.

"In a few minutes after such application for said conveyance, the same evening, defendant sent his son-in-law and agent or attorney, Kossuth W. Weber, with a quit-claim deed, already prepared without plaintiff's knowledge, for said premises to plaintiff for his signature and acknowledgment, alleging as an excuse for his haste in the transaction that defendant was going to St. Louis that night to close and consummate said negotiation or treaty for the sale of the aforesaid body of land and was desirous of taking such quit-claim deed from plaintiff along to show said company as evidence of his authority and ability to convey a good title to

said land and premises, and was under the necessity of so doing to succeed in said negotiation. At the time of such application and of the presentation of said deed for his signature, plaintiff had had no occasion to investigate his title to said premises or to examine the land records of said county of St. Francois for that purpose, and had in fact never made such investigation or examination, and so at such time plaintiff had no adequate, correct or clear idea of the condition of his said title or of the numbers, description and extent of his said lands.

"Under these circumstances, plaintiff sought time to examine said land records and investigate the condition of his said title and of his said premises, the numbers, description, extent and other incidents thereof, and also sought time to see the defendant in person and secure an express and more definite understanding or agreement concerning the consideration which plaintiff was to receive for the making of said quit-claim deed or conveyance of said lands, alleging, also, and saying at the time to said Kossuth W. Weber, agent and attorney of defendant, that the deed of quit-claim which said attorney so brought and was presenting to plaintiff for his signature and acknowledgment, contained or covered too much land, or too many pieces of land. To plaintiff's request for delay and for time, and his objection concerning the quantity and description of the lands in said deed, defendant's said attorney made reply at the time, saying that the description of the lands in such quit-claim deed, so awaiting execution at the hands of plaintiff, was a true copy of the description of the sheriff's deed, meaning a deed which Thomas S. McMullin, acting as sheriff of said county of St. Francois, made to the defendant on a sale under an execution and judgment which defendant held, by equitable assignment at the time, in favor of one Thomas P. Eaves and against David Lasseter, bearing date the thirteenth day of November, 1860, and purporting to convey to defendant the interest of Lasseter

in parcel of plaintiff's said land and premises, namely : (description); and saying, also, that said attorney and agent of defendant got or took the said description in said deed of quit-claim from the record of said sheriff's deed in the land records of said county. Plaintiff had some hesitancy about executing said conveyance without an express agreement concerning the consideration of such deed, and without an examination of records affecting his said lands and title; but, on receiving the aforesaid assurance from defendant's said attorney concerning the description and source of the description of said lands in said instrument, and having the greatest and most implicit and unlimited confidence in the honesty and integrity of the defendant, and in his good faith and intentions in and concerning the premises or transaction, a confidence arising from an acquaintance and intimacy with defendant for near forty years, plaintiff did, the same evening, at the instance and pressing urgency of the defendant and his said attorney, sign, execute, acknowledge and deliver said quit-claim deed conveying his aforesaid premises to defendant without time for reflection, for seeing defendant in regard to the consideration for such conveyance, or securing any explicit or express agreement from defendant in that behalf, and without time or opportunity to examine said land records, to investigate the condition of his said lands and title or to take any other action or precautions for his protection in the premises, but with the expectation of receiving forty dollars per acre for said lands. But plaintiff alleges and charges that defendant meant and sought by procuring such conveyance to obtain an undue and unconscionable advantage of plaintiff and to circumvent and defraud plaintiff out of his said premises, and had recourse to the aforesaid devices and pretenses of haste and necessity of dispatch in the transaction for the purpose of carrying his said fraudulent designs into effect, and of succeeding in his said

scheme of defrauding plaintiff out of his said lands, and that, by such fraudulent means and contrivances, defendant did succeed in deceiving and taking plaintiff by surprise, and in securing said deed of quit-claim and conveyance at his hands.''

The respondent's answer puts in issue the material facts of the petition and asserts among other things title in respondent to the lands in question ; to which appellant replied, denying all the new matter.

I. In the view which this court takes of this appeal, it will not be necessary to determine with precision whether the petition states a cause of action for relief in equity or at law, referring to the old distinctions between forms of action. Whether the case be regarded as at law for deceit or for money had and received, or in equity for relief against mistake or fraud, the result will be the same, on the record here presented. This cause was, by consent, tried by the court. No instructions were asked or given. Hence if the action be treated as one at law, nothing remains for review ( *Miller v. Breneke*, 83 Mo. 163 ; *Wielandy v. Lemuel*, 47 Mo. 322 ) except certain rulings on the evidence and some minor points of procedure that will be mentioned later.

II. On the other hand, if the suit be regarded as in equity, there is abundant evidence in the record to support the finding of the court, negativing the appellant's charges of mistake or fraud. This court will not set aside the finding of the circuit court upon a question of fact arising in a cause of equitable cognizance unless entirely satisfied that such finding is against the preponderance of the evidence. *Cox v. Esteb*, 68 Mo. 114 ; *Bank v. Murray*, 88 Mo. 191.

In this case the court is not so satisfied. The decisive issue presented by the evidence at the trial ( with reference to the only tenable theory which has been suggested by counsel as warranting a decree in

appellant's favor ) was whether or not he made the quit-claim deed under a mistake as to his ownership of, or title to the land so conveyed. The cause does not turn on the relative legal values of his and respondent's respective titles thereto. The quit-claim deed stands in the way of such an inquiry, and, until appellant can dispose of that, the strength or weakness of his antece-dent title is immaterial. If that deed was fairly obtained in the manner described by respondent, without mistake or fraud, it cannot be vacated at the option of the grantor, especially where the parties cannot be restored to the positions they respectively occupied before that deed was made. *Mathews v. Kansas City*, 80 Mo. 231. The party alleging mistake in such a case must establish it by satisfactory proof. In view of the allegation of the petition that appellant, before making the quit-claim, had for years been owner of the land in question, the court would be justified in inferring his knowledge of his rights thereto and the law would place on him the burden of proving his ignorance of the nature and extent of his title as a necessary essential to any claim of mistake on his part in the matter of such a transfer of his rights as is here under review. There is evidence sufficient in this record to justify the finding of the circuit court that no such mistake on his part in that regard was made. Whether the alleged mistake should be regarded as one of fact or law need not therefore be decided.

The allegations of the petition and the evidence do not suggest a case for equitable relief on any other ground than that of mistake. They certainly do not make out a case of fraud or of deceit at law. Without elaborating this statement, it will be sufficient to refer to the Missouri precedents, indicating the essential facts ( many of which are here wanting) to support actions of that nature. *Dunn v. White*, 63 Mo. 181 ; *Buford v. Caldwell*, 3 Mo. 477 ; *Morse v. Rathburn*, 49 Mo. 91. In

Taylor v. Cayce.

view of what has already been said regarding the material issue in the case, a review of the exceptions to the admission of many details of the testimony becomes unnecessary. The admission of merely irrelevant evidence in a trial by the court is not ground for reversal. *Craighead v. Wells*, 21 Mo. 404; *McDermott v. Barnum*, 19 Mo. 204.

III. Exceptions were taken by appellant to certain matters of procedure in the circuit court requiring, perhaps, brief notice. After the close of appellant's testimony in rebuttal, the court, against his objection, allowed respondent to introduce further testimony. There was no error in so doing. The circuit court has a broad discretion in regard to the order of admitting testimony. *Ober v. Carson*, 62 Mo. 209. It may permit the reopening of plaintiff's or defendant's evidence when once closed, if the ends of justice at the time appear to require it.

IV. Another point made by appellant is thus presented by the bill of exceptions : " The court on this trial heard, for the time, all the foregoing evidence, both that to which objections were made, and that to which no objections were made, according to a rule or practice which is sometimes called, ' taking evidence subject to objection' ( and which is gaining ground in this circuit) reserving, or postponing the question of the final and absolute admission or exclusion of the items of evidence to which objections were made, until the conclusion of the trial, and until the final determination of the issues and the rendition of judgment in the cause ; and to this action of the court, in so taking evidence in said cause subject to objection, plaintiff objected and excepted at the time on the ground of the tendency of such course of practice to mislead and confuse plaintiff to his prejudice, and various other grounds."

This recital is contradictory of other parts of the bill which show specific rulings of the court regarding

Taylor v. Cayce.

the admission of different parts of the testimony objected to, and exceptions at the time to such rulings. Therefore the course taken by the court in this particular case cannot be considered prejudicial to appellant. But beyond that, counsel have no right to insist on immediate rulings of the court on all offers of testimony in cases where the court is sitting as a trier of facts. Usually it is advisable to make such rulings at once if either party objects to the court's reserving them for more mature consideration. But (like many other matters arising in the progress of a trial) this subject is governed by the sound discretion of the trial court. This court will interfere only when there appears a clear abuse of such discretion. Counsel would undoubtedly have the right to an announcement of the court's rulings on the evidence before its finding on the whole case was made, in order to preserve the right to dismiss or take a non-suit if desired, should such rulings be adverse. But in that event, their desire in that regard should be made known to the court at the hearing in a specific manner. A mere general objection to the reception of testimony "subject to objection" would not be sufficient to preserve the point for review.

After a careful consideration of the record in this cause, we do not discover any error justifying a reversal of the judgment, and accordingly it is affirmed.