Rawlins v. Rawlins.

RAWLINS, *Plaintiff in Error*, v. RAWLINS.

·DIVISION ONE.

1. **Equity Causes :** FINDING OF TRIAL COURT : SUPREME COURT. The supreme court will not reverse the finding of the trial court in equity cases, unless it appears that the preponderance of evidence is against such finding.

2. **Accord and Satisfaction :** Where persons have voluntarily adjusted their existing differences by accord, and satisfaction has been duly made, the courts, will not reopen the controversy without a sufficient showing to invalidate the accord.

*Error to Linn Circuit Court.*—HON G. D. BURGESS, Judge.

AFFIRMED.

PLAINTIFF'S case is that defendant (his father) was duly appointed guardian of the persons and estates of plaintiff and John J. Rawlins and Fielding J. Rawlins, in September, 1874, and that defendant then gave bond as such ; said minors were defendants' children ; that their mother, Mary Rawlins, died in December, 1869, and her father, Isaac Gerhart in 1873 ; that John J. Rawlins died in 1878, unmarried and without issue ; that plaintiff became of age in July, 1882, and defendant made his final settlement as plaintiff's guardian in the probate court, October, 1882, and thereupon was discharged ; that plaintiff, from 1870 until October, 1882, was the owner of certain land (described) in Livingston county ; that from 1870 to October, 1882, defendant was in possession of said land and converted the rents, issues and profits thereof to his own use ; that the monthly value of the rents, etc., during that time was $25, and that the total value of said rents for said period was $3,600 ; that defendant fraudulently omitted to charge himself in either of his annual settlements or in his final settlement with any part of said rents ; that plaintiff never knew until 1884 that he had any interest in said lands, and defendant fraudulently concealed that fact from him ; in consequence of which plaintiff prayed that said final settlement be vacated and for a just accounting as demanded by the facts.

The defense consisted of several special matters, among others an alleged former recovery and an accord and satisfaction or "settlement" as it is termed.

A reply put these defenses in issue.

The trial of the cause resulted in a finding and judgment for defendant after which plaintiff moved for a new trial on these grounds, viz. :

*First.* Because the court erred on the trial in excluding competent evidence offered by plaintiff and in admitting incompetent evidence offered by defendant.

*Second.* Because the finding is against the law and the evidence.

*Third.* Because the finding should have been for the plaintiff instead of the defendant.

This motion was overruled, exceptions saved and an appeal taken by defendant.

*S. P. Huston, J. E. Wait* and *L. H. Waters* for plaintiff in error.

( 1 ) Under the deed to Gerhart, Mrs. Rawlins took a life-estate only. *Phillips v. LaForge,* 89 Mo. 72 ; *King v. Mathews,* 69 Mo. 521. The power to sell did not enlarge her estate. *Reinders v. Koppelman,* 68 Mo. 482 ; *Hall v. Stephens,* 65 Mo. 670. ( 2 ) Rawlins, therefore, had no estate by the curtesy which is not an incident to a life-estate. *Phillips v. LaForge, supra ; Burris v. Page,* 12 Mo. 359. ( 3 ) In his action of ejectment, plaintiff could only recover damages for withholding the possession after his majority. The defendant was bound to account as guardian for rents before then received. ( 4 ) Defendant admits he was in possession, and charges that he claimed the premises as his own. Plaintiff rested in the belief that his father's claim was in good faith until he discovered in 1884 that the land was his, when he brought ejectment, and recovered.

*A. W. Mullins* for defendant in error.

( 1 ) The defendant was entitled to the possession of the land as tenant by the curtesy. *Tremmel v. Kleiboldt,* 75 Mo. 255 ; *Soltan v. Soltan,* 93 Mo. 307 ; *Spencer v. O'Neill,* 100 Mo. 49. ( 2 ) The judgment of the circuit court on the count of plaintiff's petition in question was clearly right for several reasons : The judgment rendered in the action of ejectment, February 3, 1885, for the recovery of an undivided interest in the land and a nominal amount, as damages, is a bar to any

recovery in this case for rents and profits, or for occupation and use of the premises, prior to the rendition of said judgment. *Stewart v. Dent*, 24 Mo. 111; *Lee v. Bowman*, 55 Mo. 400, 404-5; *Beal v. Harman*, 38 Mo. 435; *Cochran v. Whitesides*, 34 Mo. 417. (3) There is no pretense in this case that the relation of landlord and tenant existed between the parties, and, therefore, an action for use and occupation does not lie. *Bank v. Aull*, 80 Mo. 199; *Edmundson v. Kite*, 43 Mo. 176; *Cohn v. Kyler*, 27 Mo. 122; *Hood v. Mathias*, 21 Mo. 308; *Sturges v. Botts*, 24 Mo. App. 286. (4) Where the demand or claim is an entirety — as it was in this case — a judgment for a part is a bar to the remainder. A party will not be permitted to split up his claim and sue for a part at a time in separate actions. *Flaherty's Adm'r v. Taylor*, 35 Mo. 447. (5) Plaintiff's motion for a new trial challenges the action of the lower court in making its finding, on the ground that such finding was against the evidence. But in this regard, if the case rested alone on the question as to the weight of the evidence, on the point here presented by plaintiff's counsel for review, this court would be unable to find that the circuit court erred in that regard. The record does not purport to contain all the evidence in respect to the rental value of the premises, and that presented is directly conflicting, but amply sufficient to support the conclusion that the use of the premises, during the years specified in the petition, was not worth more than the improvements and repairs made and the taxes paid by the defendant.

BARCLAY, J.—The suit is to open for fraud a final settlement of defendant as guardian of plaintiff and to secure a credit for rents and profits of certain lands of plaintiff of which defendant had possession while guardian.

It appeared, among other things, at the trial, that plaintiff had previously brought an action in ejectment

against defendant for the same lands and recovered a judgment therefor together with damages for rents and profits from the time plaintiff became of age to the date of that judgment. It was further shown that after the plaintiff's recovery in ejectment in 1885 he and his father, the defendant, had a "settlement" by which defendant paid $2,000 and received a conveyance of plaintiff's interest in the land, in which, however, it was agreed that plaintiff should upon defendant's death share equally with defendant's other children then living in the lands conveyed. At this settlement plaintiff gave defendant a receipt (since lost) the terms of which are disputed. Defendant and another witness assert that it acknowledged payment of the money in full of all demands, while plaintiff testified that it was only in full settlement of a note.

The evidence on defendant's part tends to show that the settlement was intended to embrace all matters of controversy between said parties. Plaintiff denies that such was its effect, but this record discloses no grounds for reversing the finding of the circuit court for defendant on that issue.

It is not the practice to reverse, on appeal, the findings of fact of the trial judge, who has had the advantage of seeing the witnesses and observing their demeanor, in causes of equitable cognizance, unless we are satisfied that the preponderance of the evidence is against his finding. The compromise "settlement" took place (as indicated by the allegations of his petition) after the discovery by plaintiff of his present claim for rents and profits of the same land, and long after he had reached full age. The parties were then dealing at arm's length, after litigation between them, and no suggestion is made of any fraud in the settlement itself.

Where persons have voluntarily adjusted their existing differences by an accord, and satisfaction has been duly made, in conformity to its terms, the courts

should not permit the subjects of difference to be reopened without some sufficient showing to invalidate the accord. In this instance no such showing is offered, or even suggested.

Our conclusion on this branch of the case makes it unnecessary to consider other questions discussed in the briefs and leads to an affirmance of the judgment of the circuit court, with the concurrence of all the judges of this division