Owen v. Owen.

---

BOLIVAR OWEN, Respondent, v. ATHENAISE OWEN, Appellant.

St. Louis Court of Appeals, February 16, 1892.

1. **Divorce:** PLEADING. The rule, that affirmative matter of defense must be pleaded, to warrant the admission of it in evidence, applies to divorce cases only in a limited sense. When such matter is not pleaded in a divorce case, the defendant is not entitled as a matter of right to introduce evidence thereof; nevertheless, the court may, in the interest of the public and in the exercise of a sound discretion, receive and consider such evidence.

2. ———: RECRIMINATION : PALLIATION OR MITIGATION. To constitute a defense to a divorce suit as a matter of recrimination, the plaintiff's conduct must have been such, as would entitle an innocent defendant to a divorce. Matter of provocation, palliation or mitigation, on the other hand, consists of misconduct on the part of the plaintiff, to which the ground for divorce, alleged by him, is to be ascribed as a natural or probable result, and which is, therefore, received in extenuation of the defendant's action. And, *held*, that the defendant's conduct in the case at bar constituted matter neither of recrimination nor of provocation or palliation.

3. ———: NON-SUPPORT OF WIFE. While the husband is the head of the family and legally chargeable with its support, the propriety and amount of his expenditures for its support must necessarily rest to a great extent in his discretion. If non-support can ever amount to an indignity within the meaning of the statute defining the grounds of divorce, as to which no opinion is expressed, it can only be non-support of a very flagrant character.

*Appeal from the St. Louis City Circuit Court.*—Hon. LeRoy B. Valliant. Judge.

Affirmed (*Thompson, J., dissenting*).

*H. A. Loevy*, for appellant.

*Henry N. Hart* and *Phil. Pollack*, for respondent.

Rombauer, P. J.—Upon a petition by the husband charging that his wife has been guilty of such indignities towards him as to render his condition intolerable, the circuit court granted him a divorce. Upon a former hearing of this case we were of the opinion that the evidence offered sustained the petition, and that the decree was proper, unless the husband himself was guilty of such conduct in the marital relation as not to make him an injured party within the meaning of section 4500 of the Revised Statutes. We also held that the evidence adduced at the trial proved that the husband was not an injured party within the meaning of the statute, and, for that reason alone, we reversed the judgment with directions to dismiss the plaintiff's petition. Having some doubts as to the correctness of our ruling on the second proposition, we granted a rehearing, and have re-examined the cause.

It appears by the pleadings that the answer is a mere specific denial of the charges in the petition, and contains no affirmative recriminatory statements, and it is claimed by the plaintiff's counsel that that fact of itself is fatal to the view taken by the court upon the first hearing of the cause. In this view we cannot concur. The general rule is unquestioned under our code that, when the defendant rests his defense upon any fact which is not necessary to support the plaintiff's case, he must set it out according to the statute in ordinary and concise language, else he will be precluded from giving evidence of it upon the trial. *Northrup v. Ins. Co.*, 47 Mo. 435. But this rule is applicable to

divorce cases only in a limited sense, because in such cases the state or the public are presumed to be a party in interest. If the defendant fails to set out affirmative matter relied on as a defense, the court may still, as representing the public, permit the introduction of evidence tending to defeat the plaintiff's action, or the court may on its own motion elicit such evidence. A default in divorce proceedings admits nothing as against the public. These propositions are elementary and need no further discussion. 2 Bishop, Marriage & Divorce, sec. 338; *Miller v. Miller*, 14 Mo. App. 418, 427. In other respects, however, divorce proceedings as to their trial are governed by the code. The defendant has no right to introduce affirmative recriminatory matter tending to show that the plaintiff was guilty of such conduct as would debar him of a divorce, unless specially pleaded, because, as the author above quoted properly says, it would seem contrary to all principle to hold that affirmative matter of a recriminatory nature, injurious to the character of the plaintiff, can be introduced at the trial without any notice to him or an opportunity to rebut. While, therefore, the public is not concluded by a failure to plead, the defendant is, and the court may in its sound discretion refuse permission to introduce evidence of recriminatory matter, unless it is specially pleaded. The court in this instance permitted the introduction of such evidence, and it is, therefore, properly before us, and the only question for our consideration is, whether it was sufficient to debar the plaintiff of relief.

Before proceeding to the consideration of the evidence on that branch of the case, it is proper to state our conclusions as to the applicatory law. "Recrimination in divorce law is the defense that the applicant has himself done what is ground for a divorce, either from bed and board, or from the bond of matrimony. It bars the suit founded on whatever cause, whether the defendant is guilty or not. Whether the divorce sought is from bed and board, or from the bond of matrimony,

no form of the plaintiff's dereliction will afford a complete bar in recrimination, unless it is such as the law has made ground for divorce of the one or the other sort." 2 Bishop on Mar., Div. & Sep., secs. 340, 381. "In cross petitions, or in petitions by one party, the court is bound to look into the conduct of both husband and wife; and, if the party seeking a divorce has been guilty of conduct that would entitle the opposite party to one, he or she must fail, notwithstanding the evidence may otherwise be sufficient. This rule does not apply to conduct, however reprehensible, that would not entitle the other party to a divorce. His or her conduct must come within some of the cases enumerat.d in the statute." *Hoffman v. Hoffman*, 43 Mo. 547, 551. This is the last direct and controlling decision of the supreme court on that subject, and, while it is in harmony with the recognized law on this subject elsewhere, we would be bound to follow it even if the fact were otherwise.

It is contended by the appellant that intimations contrary to the statement of the rule in *Hoffman v. Hoffman, supra*, are to be found in the earlier cases of *Doyle v. Doyle*, 26 Mo. 545; *Gillinwaters v. Gillinwaters*, 28 Mo. 60, and *Harper v. Harper*, 29 Mo. 301. Even if such were the fact, it would be immaterial, because it is the last controlling decision of the supreme court which is binding upon us under the constitution. But such is not the fact. These cases rest upon another and different principle well known in the divorce law, which may be termed palliation, provocation or mitigation, as distinguished from recrimination. Where that principle is invoked it must be shown that the acts complained of by the plaintiff, on account whereof he claims the divorce, were the natural or probable result of his own conduct, and, hence, extenuate the defendant's acts and reduce the offensive character below the degree which the law requires to justify the separation of the marriage tie. When the charge is desertion, and

it was brought about as the natural result of the plaintiff's conduct, the law says that it is not desertion within the meaning of the statute; when the charge is indignities brought about as the natural result of plaintiff's counter indignities, the law says it is not indignities within the meaning of the statute. The principle is the same which recognizes provocation as a defense in criminal law. It ill becomes him who struck the first blow to complain of the battery.

This principle, however, cannot be invoked in this case. The plaintiff is sixty-six years old and defendant fifty-eight. The mere fact, that the plaintiff made no presents to his wife and children, and did make presents to other women who are not shown to be unchaste, and touching whose chastity every insinuation is withdrawn upon the trial, coupled with the other fact that he preferred the society of these women to that of his wife and daughters, cannot in any way justify or even palliate the defendant's conduct in calling him a son-of-a-bitch, a whoremaster and a thief, in the presence of his children, or of calling his daughters vile names in the presence of their father, or of attacking him in the streets of the city of St. Louis with a rock, bruising his face, and in the presence of numerous bystanders hurling the most opprobrious epithets against him in a loud voice attracting general attention. Nor can these facts justify or palliate her threatening to put arsenic into his coffee, or going at him with a butcher knife and offering to cut out his black heart. Most of these facts are proven against the defendant, by the great weight of the testimony, but, even if they were proven by the testimony, of plaintiff alone, and denied by the testimony of the defendant, we would be bound in deference to the trial court, who saw and heard the witnesses, to find them established. *Miller v. Miller*, 14 Mo. App. 422 ; *Rawlins v. Rawlins*, 102 Mo. 563, 567.

Recurring to the question of recrimination, we are bound to conclude that the plaintiff's acts were not of

a character which would justify any court to grant to the defendant a divorce on account thereof, were she an innocent party. These acts may be summarized into preferring the society of other women to that of his wife and daughters, and into non-support of his family while expending his means in other directions. As to the first charges they rest almost exclusively on the testimony of the plaintiff himself, as in fact does the second, considering the rule that, in case of apparent conflict between the plaintiff's and the defendant's evidence, it is for the trial court to solve the conflict and to determine which of the parties is entitled to credit. The first act is not made a ground of divorce under our laws, and, even if it could be classified as an indignity, it finds extenuation in the fact that the defendant's temper and conduct were such as to drive any man from home. The defendant's daughter, who was a witness on her behalf, testifies that her mother quarreled with her, and made it so unpleasant to her that she had to leave home to get married. In view of the fact that the defendant herself testifies that she would not live with the plaintiff again under any circumstances, she is hardly in a position to complain of being temporarily deprived of the comfort of his society.

Neither is non-support a ground of divorce under our laws, and, to amount to an indignity, provided it ever can do so, it must certainly be of an entirely different character from the non-support shown in this case. The plaintiff testifies that, out of a salary of $100 per month, he paid the house rent of $30 per month; and that he gave to the defendant $8 per week, and whatever money she earned by keeping boarders. We cannot see on what principle we could decide that this allowance was so inadequate as to amount to an indignity, or on what principle we could control the husband in the expenditure of the residue of his salary. Since the husband is the head of the family and legally chargeable with its support, the propriety and amount

of expenditures for its support must necessarily rest to a great extent in his discretion. If non-support can ever amount to an indignity within the meaning of our divorce laws, on which question we need express no opinion, the case of non-support must certainly be of a very flagrant character, and none such is shown in this case.

It results from the foregoing that the judgment of the trial court must be affirmed. Judge BIGGS concurs. Judge THOMPSON dissents.