Barlow v. Elliott.

ANDREW J. BARLOW, Appellant, v. WILLIAM H. ELLIOTT, Respondent.

St. Louis Court of Appeals, January 30, 1894.

1. **Equity:** MISTAKE. The power of a court of equity to reform a written instrument, which through mistake does not represent the agreement of the parties, may be exercised by way of defense to an action on the instrument.

2. ————: ————: PLEADING. *Held*, ROMBAUER, P. J., not concurring, that, when the mistake is thus invoked as matter of defense, it is not essential that the answer should pray for affirmative relief.

3. **Practice, Appellate:** DEFERENCE TO FINDINGS OF THE TRIAL COURT IN PROCEEDINGS IN EQUITY. In an equity case an appellate court ought not to disturb the finding of the trial court on a question of fact, unless it is entirely satisfied that the result reached is opposed to the preponderance of the evidence.

*Appeal from the Ralls Circuit Court.*—HON. R. F. ROY, Judge.

AFFIRMED.

*A. D. Bell, W. W. Longmire* and *R. B. Bristow* for appellant.

(1) While it is conceded that a legal cause of action may by the answer be made an equitable case, such equitable defense must be pleaded fully and specifically and the relief must be prayed for as in a bill in equity, the defense being in the nature of a cross bill. Bliss on Code Pleading, sec. 347; *Ellis v. Railroad*, 51 Mo. 200; *Wolf v. Schaeffer*, 74 Mo. 154; s. c., 4 Mo. App. 372; *Carter v. Prior*, 78 Mo. 222. The answer was first a general denial, and then set up an alleged mistake. This, to constitute any defense, should have been pleaded in answer in the nature of a cross bill with a prayer for reformation. *Hooks v. Craighead*, 32 Mo. 408; *Reyburn v. Deacon*, 8 Mo. 107; *Leitensdorfer v. Delphy*, 15 Mo. 160. (2) This being a proceeding in equity, the court will determine the facts. The judgment of the trial court is opposed to the weight of the evidence, and should therefore be reversed.

*J. P. Wood* and *G. W. Whitecotton* for respondent.

BIGGS, J.—On the sixth day of March, 1889, the defendant conveyed to the plaintiff certain land in Ralls county. The deed contained the usual covenants of title, and also a covenant against incumbrances, except as to a deed of trust given by the defendant's immediate grantors to the Lombard Investment Company. Concerning that incumbrance the deed contained the following clause: "This deed is made subject to an incumbrance held by the Lombard Investment Company, of Kansas City, Missouri, said incumbrance being a part of the consideration in this deed, the principal note being $2,000."

The deed of trust above referred to, was dated on the eleventh day of May, 1887, and was given to secure the payment of a principal note for $2,000, due on the first day of June, 1894. The note bore six per cent. interest, payable semi-annually, which interest was represented by coupon notes thereto attached. The record shows that on the same day the same grantors executed and delivered to the Lombard Investment Company another deed of trust on the same land to secure the payment of another note for $280, which became due on the first day of December, 1890. Both deeds were duly recorded.

The present action is based on the covenants in the first above mentioned deed, and as a breach of its covenants the plaintiff alleged that the last named deed of trust was, at the time of his purchase, a valid and subsisting incumbrance on the land, that at its maturity the defendant on request had refused to pay it, and that the plaintiff had been compelled to do so in order to protect his land from sale.

In addition to a general denial, the defendant interposed an equitable defense, to the effect that his grantors, Eli N., and John H. Russell, in negotiating the loan of $2000, agreed, in addition to the six per centum interest specified in the principal note, to pay to the Lombard Investment Company as commissions a sum equal to two per centum on the loan for seven years, to be paid on the first day of December, 1890; that the note for $280 represented this additional interest; that, at the time of the sale and prior to the execution of the deed from defendant to plaintiff, the former advised the latter of this note, and that the latter then and there agreed to pay it. The answer then alleges that, by mistake or oversight of the scrivener, the true nature and extent of the incumbrance, which the plaintiff had assumed to pay, was not correctly set out in the deed.

Against the objections of the plaintiff the court submitted to a jury the question of the alleged mistake, which issue the jury found in favor of the defendant. The court adopted the finding and entered judgment for the defendant.

On this appeal, the plaintiff contends that the equitable defense was not well pleaded, in that the answer failed to ask for affirmative relief, and that for this reason the court committed error in trying the issue.

The power of a court of equity to reform a written instrument, which through mistake or oversight does not represent the agreement of the parties, is unquestioned, and such reformation may be had and full relief granted directly by a bill in equity, or the mistake may be set up in an answer by way of defense. *Leitensdorfer v. Delphy*, 15 Mo. 160. But where, in an an action for the enforcement of such a contract, the mistake is pleaded by way of defense, and no reformation of the instrument is necessary for the defendant's protection, we can conceive of no principle which would require him, in order to make such defense effectual, to pray for affirmative relief. If he does not need it, he ought not to be compelled to ask for it.

Was the evidence sufficient to authorize the judgment, is the only question for our consideration. The defendant testified, substantially, that during the negotiations for the purchase, and prior to the execution of the deed, the debt of the Lombard Investment Company was talked over, that he read to the plaintiff a letter which he had received from the Russels, stating the date and amount of the principal note; that this note according to its terms only bore six per cent. interest payable semi-annually, but that in reality the debt was running at eight per cent., the additional two per cent. being represented by a separate note for

$280; that this last note was payable in December, 1890, and it was also an incumbrance on the land. The defendant also testified that the plaintiff, with full knowledge of all the facts, agreed to pay the note for $280, and that they supposed that it was included in the deed of trust securing the principal note. After this suit was brought, the plaintiff and defendant had a conversation in the presence of Charles P. Pendleton. The latter testified that the plaintiff then admitted that he had agreed to pay the note for $280, and that the defendant asked him (plaintiff) if he had not read Russell's letter to him, and that he did not deny it. On the other hand the plaintiff denied that he assumed the debt for $280, and claimed that he knew nothing of it for some months after he had purchased the land. This was all the evidence bearing directly on the matters in issue.

In an equity case, an appellate court ought not to disturb the finding of the circuit court on a question of fact, unless it is entirely satisfied that the result reached is against the preponderance of the evidence. This is the principal rule to be be deduced from the statement so often found in the books, that, in reviewing questions of fact in equity cases, deference should be paid to the opinion of the trial judge. *Taylor v. Cayce,* 97 Mo. 242; *Owen v. Owen,* 48 Mo. App. 208; *Rawlins v. Rawlins,* 102 Mo. 563. It is perfectly obvious that we would not be authorized to disturb the judgment in this case. All of the judges are of opinion that the mistake in the instrument is borne out by a preponderance of the evidence, and that the judgment is for the right party. Judge ROMBAUER, however, prefers to place his concurrence in the result on that ground alone, in comformity with his views as expressed in *Bassett v. Glover* (31 Mo. App. 160). He is inclined to hold that the proper practice in these cases is to add an

order of reformation to the judgment entry, so that the record shows upon its face the points determined by the trial court. Judgment affirmed.