KINZER *et al.*, *Plaintiffs in Error*, v. KINZER *et al.*

Division Two, July 12, 1895.

1.  **Fraud:** SETTING ASIDE DEED: BURDEN OF PROOF.    In a suit in equity to set aside a deed on the ground that it was obtained by taking advantage of the ill health and mental incapacity of the grantor, the burden of proof is on the plaintiff.

2.  **Supreme Court Practice:** EQUITY CASE.    Where the evidence in such case is conflicting, the supreme court will, to some extent, defer to the finding of facts by the trial court.

3.  ————: PLEADING: WAIVING OF ERROR. The objection that an answer, in an action to set aside a deed because obtained by fraud and without consideration, consisted merely of a general denial and did not set out the consideration and the facts relating thereto, is not available for the first time on appeal.

*Appeal from Butler Circuit Court.*—HON. J. G. WEAR, Judge.

AFFIRMED.

*E. R. Lentz* and *G. A. Standard* for plaintiffs in error.

(1)  The deed sought to be set aside in this proceeding was obtained by the fraudulent misrepresentations and concealment of material facts by the defendant Kinzer. It was therefore absolutely void as to E. E. Kinzer and his heirs and representatives. *Turner v. Turner,* 44 Mo. 537; *Dickinson v. Kempinsky,* 96 Mo. 256; *Sayre v. Devore,* 99 Mo. 439; *Crabtree v. Bradbury,* 13 S. W. Rep. (Ark.) 935. (2) The bill in this case distinctly charges the defendant with fraud, misrepresentation, and concealment. He does not, in his answer or by the testimony, make any effort to purge himself of the charges of fraud and wrongdoing. A general denial by way of answer is not sufficient for this purpose. Story's Eq. Pl., sec. 852; *Ibid.,* sec. 856; Bigelow on Fraud, p. 454, 455, sec. 2. (3) The good faith of the defendant, Kinzer, was, by the very nature of this proceeding, called in question, questioned in a court of equity which can not look with any degree of allowance upon any unfair dealing. He had opportunity for giving explanation to, or contradiction of the damaging statements made against him. He did not avail himself of the opportunity. The presumption under such circumstances is always unfavorable to the party making default. *Cass County v. Green,* 66 Mo. 512; *Henderson v. Henderson,* 55 Mo. 559; *Baldwin v. Whitcomb,* 71 Mo. 651; *Mayberry v. McClurg,* 74 Mo. 675. (4) While it is true that neither the old age, disease, or physical or mental weakness of the said E. E. Kinzer are in themselves sufficient to warrant setting aside the deed in question, yet all these are strong circumstances to be considered in connection with all the other evidence. Bigelow on Fraud, 278; *Dickinson v. Kempinsky,* 96 Mo. 258.

*Dinning & Byrns* for defendants in error.

(1) The testimony shows that Elias E. Kinzer expressed his entire satisfaction with the deal he had made with his nephew, and from this evidence there can be no question but what Elias E. Kinzer at the time, knew just what he was doing, and that he was thoroughly competent mentally and physically, to make the sale and execute the deed in question. (2) The delay of three years after the death of Elias E. Kinzer before bringing this suit is a strong circumstance against plaintiffs. (3) The finding and judgment were for the right party and should be affirmed.

BURGESS, J.—A suit in equity by plaintiffs, who are children and 'the only heirs at law of Elias E. Kinzer, deceased, to cancel and set aside a certain deed executed by said deceased to the defendant Kinzer, on the thirteenth day of December, 1888, conveying to him an undivided one fourth interest in a tract of land in Butler county, Missouri, upon which is located the greater portion of Kinzer's addition to the city of Poplar Bluff. Elias E. Kinzer died December 27, 1888.

Defendant Kinzer before the commencement of this suit conveyed by quitclaim deed a one third interest of the one fourth interest which he acquired from Elias E. Kinzer to the defendant Ruth, and also a similar interest to one John Mengel, who subsequently died, leaving the defendants Mengel, his widow and children, his only heirs at law.

The action is predicated on the want of the capacity, mentally and physically, of the said Elias E. Kinzer to transact any kind of business, at the time the deed bears date, to wit: December 13, 1888, and that the defendant, knowing his condition, took advantage of

his sickness and mental incapacity, and induced him by falsely, fraudulently and corruptly representing to the said Elias E. Kinzer that the deed he was signing was for tax title lands in Butler county, Missouri, which he had agreed to sell to the defendant Kinzer; when in truth and in fact he was signing the deed in question, conveying his undivided interest only in entirely different land.

The answer is a general denial. The trial resulted in the dismissal of the suit, and a final judgment in favor of defendants for costs. Plaintiffs then filed their motion for a new trial which was overruled and they sued out their writ of error to this court.

The evidence clearly shows that Elias E. Kinzer, deceased, signed and acknowledged the deed in question; indeed, it is so alleged by plaintiffs in their petition. This being true the burden of proof rested upon them to show want of capacity in the grantor to execute the instrument, or, that it was obtained from him by W. H. H. Kinzer by fraud and deceit.

The testimony of the witnesses, with but few exceptions, is remarkable for the many incongruous, and inconsistent statements, and none more so than that of the plaintiff, William P. Kinzer. After stating that the defendant Kinzer came to his father's house at the time the deed was executed, at his father's request, he also stated that his father owed him, witness, some money, that he wanted it and was urging him to get his money from defendant Harvey, which he owed him on account of the sale to him of the tax lands, so that the witness could get his money from his father; that the lands sold to Harvey were the tax lands, that is, lands in Butler county, Missouri, for which his father held tax collector's deeds; that at that time he was staying at his father's house and taking care of him,

and, although he saw him sign the deed, and signed it himself as a witness, his father was not at the time physically able to sign it, but that he did sign it in the parlor on the piano and stood up while writing his name, though tottery, weak and feeble; that he did not find out that the deed was for the Burrows or town tract of land for about fifteen months after it was executed; that his father died a few days after signing the deed; that he got every dollar of the purchase money for the land, his father having turned over the note to him; that defendant Kinzer gave his note for the purchase money, payable twelve months after date, for which defendant Kinzer afterward, at his request, gave him in lieu thereof his note for $900 and a check for $900; that he gave his note to his father without security for the $1,800, due one year after date, at which time, although only two or three days after the date of the deed, he was competent to make, and did make, a loan to him of the money.

The conduct of this witness, to say nothing of contradictory and inconsistent statements made by him in regard to other matters, in standing by, and even signing as a witness, a deed executed by his father in his presence to valuable property, knowing at the time his enfeebled condition, both in mind and body, is so inconsistent with the duty of the son to the father, and the experience of mankind, it is hardly worthy of consideration. Not only this, but within a few days thereafter he borrowed from his father, whose condition had been gradually growing worse, the whole amount of the purchase money, $1,800, giving his note therefor, which was somewhat inharmonious with the statements which he had theretofore made, that his father was indebted to him, and that he was incompetent to contract.

These are only samples of the many contradictory

statements by witnesses on both sides, as disclosed by the record in this case. The evidence is conflicting and we are not by any means prepared to say that it preponderates in favor of plaintiffs. Under such circumstances this court will defer somewhat to the finding of the chancellor. *Sayer v. Devore*, 99 Mo. 437; *Bartlett v. Brown*, 121 Mo. 353. But it is contended that, as the petition alleges that defendant Kinzer, by means of false and fraudulent representations, obtained the execution and acknowledgment of the deed in question without paying therefor an equivalent or any consideration, this allegation required an affirmative answer, showing what the consideration was, of what it consisted and how paid, and as the answer is only a general denial, that this allegation stands confessed. No objection was taken to the answer in the court below, either by demurrer, motion for judgment because of its insufficiency, or by motion in arrest, and can not now be made for the first time in this court. By section 2070, Revised Statutes, 1889, it is provided that "A pleading of any kind or a motion to strike out shall be deemed responsive to the adverse pleading, or so much thereof as the pleading or motion is intended to apply to until otherwise determined by the court. * * *" We do not, however, intend to be understood as holding the answer insufficient even if timely objection had been made thereto.

The deed in question was executed December 13, 1888. Elias E. Kinzer died fourteen days thereafter and this suit was begun March 12, 1892.

When all the facts and circumstances in evidence are taken into consideration the judgment is manifestly for the proper party and should be affirmed. It is so ordered. GANTT, P. J. and SHERWOOD, J., concur.