ROSE GREDITZER, Appellant, v. THE CONTINENTAL
INSURANCE COMPANY et al., Respondent.

**Kansas City Court of Appeals, January 20, 1902.**

1. **Contracts: AGGREGATIO MENTIUM: REFORMING.** The par-
   ties to a policy of insurance must understand and agree to the
   same thing—their minds must meet—or there can be no contract
   capable of reformation.

2. **Evidence: PREPONDERANCE OF: HUSBAND AND WIFE.** The
   entity of husband and wife in law and interest in a case entitles
   their testimony to little or no advantage over a single witness for
   the other party in respect to the weight of the testimony.

3. **Appellate Practice: EQUITY CASES: DEFERRING TO TRIAL
   COURT: EVIDENCE.** On a review of the evidence in the record
   it is held that the appellate court can not say that there is a pre-
   ponderance in favor of the plaintiff, and defers to the finding of the
   trial court.

Appeal from Boone Circuit Court.—*Hon. Jno. A. Hockaday,*
Judge.

AFFIRMED.

*Odon Guitar* and *W. H. Truitt, Jr.,* for appellant.

(1) The jurisdiction and power of courts of equity· to
reform and correct written instruments on the grounds of
fraud, mistake, or the omission of material facts, is unques-
tioned. Parker v. Vanhoozer, 142 Mo. 627; 15 American
and English Encyclopedia of Law, 626, and cases there cited.
(2) The appellate court, while indulging a presumption in
favor of the correctness of the finding of the trial judge in
an equity case, will re-examine the whole record, and arrive

at its own conclusions upon the facts in evidence; "otherwise appeals in chancery cases would be a mere mockery.:" Swon v. Stevens, 143 Mo. 384; Tesson v. Ins. Co., 40 Mo. 33; Hunter v. Patterson, 142 Mo. 310; Parker v. Vanhoozer, 142 Mo. 621; Corrigan v. Teirnay, 100 Mo. 276. (3) When defendants' agent returned the policy and said he had changed it, plaintiff had a right to rely on his statement. It was not negligence on her part to put the policy in the bank without further examination. May on Insurance, 131, 144; Hill v. Ins. Co., 39 N. J. Eq. 66; Fletcher v. Ins. Co., 103 Iowa 276; 36 N. Y. 550; 18 N. Y. 392; Ledyard v. Ins. Co., 24 Wisc. 496; Goddard v. Ins. Co., 108 Mass. 56; Severance v. Ins. Co., 5 Boss. Fed. Cas. 12680; Ins. Co. v. Smith, 9 So. Rep. (Ala.) 327; Trott v. Ins. Co., 83 Maine 362; Smith v. Ins. Co., 51 Pac. Rep. (Colo.) 170; Overton v. Ins. Co., 79 Mo. App. 1; Steinberg v. Ins. Co., 49 Mo. App. 255; Porter v. Ins., 24. (4) If a mistake was made, the evidence must clearly show that it was a mutual mistake, and not the mistake of one party. Henderson v. Beasley, 137 Mo. 199; Adkins v. Tomlinson, 121 Mo. 487; Ins. Co. v. Davis, 131 Mass. 316; Stockbridge v. Hudson, 45 Barb. (N. Y.) 478; Bispham on Eq. (4 Ed.), sec. 191; 1 Biddle on Insurance, sec. 311; Bishop on Cont. (Enl. Ed.), sec. 707; Combs v. Ins. Co., 43 Mo. 148; Mers v. Ins. Co., 68 Mo. 127; Clem v. Ins. Co., 29 Mo. App. 666; Chamberlain v. Ins. Co., 80 Mo. App. 589; Montgomery v. Ins. Co., 80 Mo. App. 500; Overton v. Ins. Co., 79 Mo. App. 1; Franklin v. Ins. Co., 42 Mo. 456; Parsons v. Ins. Co., 132 Mo. 583; Rissler v. Ins. Co., 150 Mo. 366.

*N. T. Gentry* for respondent.

(1) Cases in which the weight to be accorded to the different witnesses must largely determine the issue, have

evoked from appellate courts the rule that they would defer in such matters to the trial court. It is particularly appropriate that they should do so, unless the record presents some very convincing reason for varying from this usual course. Kinzer v. Kinzer, 130 Mo. 126; Bartlett v. Brown, 121 Mo. 353; Gentry v. Field, 143 Mo. 414; Toler v. McCabe, 52 Mo. App. 532; Schilb v. Pendleton, 76 Mo. App. 454; Parker v. Roberts, 116 Mo. 657; Barlow v. Elliott, 56 Mo. App. 374; Warren v. Nickles, 72 Mo. App. 486; Hartley v. Hartley, 143 Mo. 219. (2) Even if plaintiff or her husband did instruct the local agent to change the name (which fact she does not allege), there is no evidence that the agent agreed to this. In order to substitute a new contract for an old one, the law requires the assent of all parties. Jacobs v. Maloney, 64 Mo. App. 270; 1 Parsons on Cont. (6 Ed.), 217; 16 Am. and Eng. Ency. of Law, 867, 868; Nordyke v. Kehlor, 155 Mo. 655; New Orleans v. Waterworks Co., 142 U. S. 79; Jewett v. Railway, 45 Mo. App. 58; Mason v. Payne, 47 Mo. 517; 4 Joyce on Insurance, sec. 3515; Hardy v. Iron Works, 129 Mo. 222; 1 Biddle on Insurance, sec. 140; Bishop on Cont., sec. 313; Fetter on Equity, sec. 81; Boulton v. Jones, 2 Hurl & N. 564; Boston Ice Co. v. Potter, 123 Mass. 28. (3) For her negligence and the negligence of her husband, a court of equity will not and should not lend its aid. "A mistake will not be relieved against if it is the result of a party's own negligence." Smith v. Washington, 11 Mo. App. 519; Chamberlin v. Peltz, 1 Mo. App. 183; Lewis v. Lewis, 5 Oregon 169; 1 Story's Eq. Jur., sec. 146; Bispham on Equity (4 Ed.), sec. 191; Willard on Eq. Jur., 70; Tiedem. on Eq. Jur., sec. 183; 1 Fetter on Equity, sec. 82; Moeller v. Ins. Co., 52 Minn. 336; Ice Co. v. Ins. Co., 31 Barb. (N. Y.) 72; Gumsey v. Ins. Co., 17 Minn. 104; Mead v. Ins. Co., 64 N. Y. 454; Cushman v. Ins. Co., 65 Vt. 569; Hearne v. Ins. Co., 10 Alb. Law J. 348; Doniol v. Ins. Co., 34 N. J. Eq. 30; Cooper v. Ins. Co., 50 Pa. St. 299; Faughner v. Ins.

Co., 86 Mich. 536; Wallingford v. Ins. Co., 30 Mo. 51; 1 Wood on Insurance, sec. 15; May on Insurance, secs. 43 & 50; Bishop on Cont. (Enl. Ed.), sec. 312; 1 Joyce on Insurance, sec. 45; Ostrander on Insurance, sec. 4; Richards on Insurance, sec. 39; Flanders on Insurance (2 Ed.), 116, 134.

SMITH, P. J.—The petition contains two counts, in the first of which it is sought to reform a policy of fire insurance by changing the name of the insured from that of Alex. Greditzer to that of Rose Greditzer, the latter being the name of plaintiff, and the second was to recover judgment on the policy itself.

In the first it was alleged:

(1) That plaintiff being the owner of certain personal property and desiring to insure the same against loss by fire, instructed her husband, A. Greditzer, as her agent, to procure such insurance, and that her said agent in pursuance of said instructions applied therefor to the defendant's local agent, at Centralia, who in consideration of the payment to him of $5.51 wrote and delivered to plaintiff's husband a policy in defendant company for $1,000, which was not seen by plaintiff until after the loss.

(2) That on September 7, 1899, the property covered by said policy was destroyed by fire; that plaintiff then discovered for the first time that defendant's agent had, by mistake in the writing of said policy, written the name of plaintiff's husband therein as the insured instead of that of plaintiff, herself, and that neither plaintiff nor her husband was aware of such mistake until after the loss.

There was an answer of defendant filed, in effect, putting in issue the allegations of the petition.

The court upon the hearing of the testimony adduced found the issues for the defendant and decreed accordingly from which the plaintiff appealed. The controlling question

is, whether or not the evidence discloses that the plaintiff primarily entered into an oral contract of insurance with defendant different from that evidenced by the policy which was executed, or, in other words, whether or not the defendant for the consideration specified in said policy agreed to issue a policy in the name of the plaintiff, payable to her if loss occurred.

It was testified by both plaintiff and her husband that they requested Mr. Harris, defendant's local agent, to issue to plaintiff a policy on her household goods for one thousand dollars to run three years; that the policy was issued and delivered to plaintiff's husband, but it was discovered shortly afterwards that it was in the name of plaintiff's husband instead of that of plaintiff and therefore plaintiff's husband requested defendant's said local agent to change the policy from his name to that of the plaintiff and to reduce the time to one year instead of three; that the defendant's said local agent took the policy away and the day thereafter he returned it to plaintiff's husband saying "here is the policy;" that plaintiff's husband took it and read it far enough to see that it was changed from three years to one and without looking further deposited it for safe-keeping in the bank where it remained until after the fire.

Mr. Harris, the defendant's local agent, testified that he wrote the policy in the name of the plaintiff's husband for $1,000 covering his household goods for three years; that a few days before the end of the month in which the policy was written, the plaintiff's husband stated to him, the local agent, that he would like to have the policy changed from three years to one; that he accordingly made the change for him and made the indorsement showing the fact on the policy and also noted it in his daily register and also further notified the defendant company of the fact on the day of the transaction. The policy showed the indorsement thereon referred to by the local agent to be as follows, to-wit: "That the time of this policy is

hereby changed from three years to one year and the amount of premium will be $5." Mr. Harris further testified that he was positive that the plaintiff's husband requested him to change the policy *as to time but not as to name*.

It is thus seen that the testimony of the plaintiff and her husband are in conflict with that of Mr. Harris, the defendant's local agent, on a vital question of fact. If the plaintiff or her husband requested that the policy be changed only as to the time and not as to name, and it was so accordingly written and delivered in that way to plaintiff's husband, there can be no ground for equitable interference. If the testimony of the plaintiff and her husband are to be believed, a case is shown entitling plaintiff to relief, but on the other hand, if that of Mr. Harris is to be given credence, she is not so entitled, and the decree should be upheld. It is clear that Mr. Harris did not understand that the property insured was that of the plaintiff or that the policy should be written in her name. The policy itself, as well as his subsequent notation made thereon when it was changed as to time, conclusively shows this. Both plaintiff and defendant must have understood and agreed that the policy should be written in the name of the plaintiff, otherwise there was no *aggregatio mentium*, and therefore no contract which is capable of reformation.

How can we tell whether or not we ought to credit the testimony of the plaintiff and her husband and discredit that of Mr. Harris? The contention is that the plaintiff's testimony is corroborated by that of her husband and therefore there were two witnesses testifying in favor of the affirmative of the issue, while that of only one supported the negative.

The entity of husband and wife in law and interest as shown in this case ought, in our opinion, to entitle plaintiff to little or no advantage over the defendant in respect to the weight of the evidence. It may be well doubted whether or not the testimony of the plaintiff and her husband should outweigh the opposing testimony of Mr. Harris, and especially

so in view of the fact that when he wrote the change as to the time on the policy before delivering it to plaintiff's husband, he made an entry thereof in his daily register and gave notice of the same to defendant. These are corroborating facts which no court could overlook in weighing the testimony. Neither plaintiff nor her husband acting for her are hardly in a situation to deny that they knew the policy was in the name of the husband.

The witnesses were before the court when they testified. It looked into their faces and observed their demeanor while testifying. It no doubt gave due consideration to the story of the unusual manner in which the property claimed by the plaintiff had been acquired and the other circumstances disclosed by the evidence and which we need not specify. The opportunity offered that court for ascertaining and determining the weight of the evidence was superior to ours. We can not say that this conflicting evidence preponderates in favor of the plaintiff. No satisfactory reason appears why, in such circumstances, we ought not to somewhat defer to the finding of the trial court. Kinzer v. Kinzer, 130 Mo. 126; Rawlins v. Rawlins, 102 Mo. 563; Taylor v. Cayce, 97 Mo. 242; Sayer v. Devore, 99 Mo. 437; Barlow v. Elliott, 56 Mo. App. 374. We do not feel at liberty, in a case like this, to interfere with the finding of the trial court and consequently the decree must be affirmed. All concur.