JAMES E. RUTLEDGE, Appellant, v. MARY RUTLEDGE, Respondent.

St. Louis Court of Appeals, September 30, 1911.

DIVORCE: Denial of Decree: Misconduct of Plaintiff. A husband, who displayed undue affection for his female cousin, and who often secretly visited her and accompanied her to entertainments, notwithstanding his wife's objections, could not procure a divorce on the ground that his wife had offered him indignities by falsely accusing him of adultery, calling him names and quarrelling with him.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*Barclay, Fauntleroy & Cullen* and *C. W. Rutledge* for appellant.

(1) Unfounded charges of infidelity constitute indignities authorizing a divorce. Rose v. Rose, 129 Mo. App. 175; Griesedieck v. Griesedieck, 56 Mo. App. 94; Ashburn v. Ashburn, 101 Mo. App. 365; Green v. Green, 131 N. C. 533, 42 S. E. 954; Braun v. Braun, 194 Pa. St. 287. And, where the plaintiff proves himself entitled to a divorce, the court has no discretion to deny him the relief asked, but must grant him his decree. Raney v. Raney, 128 Mo. App. 167; Wares v. Wares, 122 Mo. App. 129. (2) Recrimination, to be a defense to an action for divorce, must consist of acts which would entitle the defendant to a decree of

divorce. Hoffman v. Hoffman, 43 Mo. 547; Owen v. Owen, 48 Mo. App. 208; House v. House, 131 N. C. 140, 42 S. E. 546; Pierce v. Pierce, 33 Iowa 238. And strong suspicions of misconduct will not defeat the husband's right to a divorce; but the wife must prove such facts as would entitle her to a divorce. Drayton v. Drayton, 54 N. J. Eq. 298, 38 Atl. 25. (3) Sudden acts of retaliation by plaintiff, provoked by the conduct of the defendant, will not defeat the action, where repeated acts of the defendant, constituting grounds for divorce, have been shown. Griesedieck v. Griesedieck, 56 Mo. App. 94; Hoffman v. Hoffman, 43 Mo. 547. (4) An action for divorce is not a suit in equity. The maxim that a party must come into court with "clean hands," does not apply in divorce cases. In re Kinsolving, 135 Mo. App. 631; Hoffman v. Hoffman, 43 Mo. 547. (5) It is the duty of appellate courts, in divorce cases, to review the evidence and award such judgment as the trial court should have awarded. Donley v. Donley, 131 S. W. 356; Grove v. Grove, 79 Mo. App. 142.

*Campbell Allison* and *Frank E. Richey* for respondent.

CAULFIELD, J.—This is a suit wherein the husband as plaintiff seeks to obtain a divorce from his wife upon the ground that she had offered him indignities, such as falsely accusing him of adultery, calling him names, quarrelling with him, etc.

The plaintiff, appellant, assigns as error the action of the trial court in dismissing the petition and denying a divorce after hearing the evidence.

It is unnecessary to set forth all the alleged indignities nor swell this opinion with the long story embraced in the very voluminous record of testimony before us. Suffice to say we have read it all most carefully and approve of the action of the learned trial

court. We are satisfied, from the evidence, that the married life of the plaintiff and defendant would have been one of great happiness and contentment but for the husband displaying an undue affection for his female cousin, showing her attentions which he denied to defendant, and evincing a decided preference for her society. This cousin was brought into the home of the plaintiff and his wife, and kept there for long periods of time, at one time three months and another time seventeen months, to the great inconvenience and distress of the wife. Being free from the cares which the wife had, and being accomplished and entertaining, she showed to great advantage over the wife and created a situation in the home of which the wife was not an agreeable part. She domineered over the wife, interfered with the children and appropriated the plaintiff as her exclusive escort to concerts, church and entertainments. Some excursions occurred without defendant's knowledge, and at least one of them to her great disappointment and humiliation. There is no doubt that the presence of this cousin in the home and the conduct of plaintiff with her greatly distressed the wife and aroused righteous indignation on her part. The wife finally drove her forth, but as she left, she angrily stated that the distressing friendship would continue. After leaving the home the cousin established herself in the neighborhood where plaintiff secretly visited her. He also retained her in his employ in his business office down town for five months and until his wife's "quarreling" caused him to dismiss her. She then went to Springfield, Illinois, where his business took him very often and where he visited her. The whole trouble seemed to culminate on July 16, 1904, when plaintiff returned home at one o'clock in the morning and confessed that he had been to the World's Fair with the cousin. We will not set forth the quarreling and incidents which followed that. We are convinced that the actions of the de-

fendant, on account of which plaintiff seeks a divorce "were the natural or probable result of his own conduct and hence extenuate the defendant's acts and reduce the offensive character below the degree which the law requires to justify the separation of the marriage tie." [Owen v. Owen, 48 Mo. App. 208.]

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.