HENRY A. HELBING, Appellant, v. M. C. HELBING, Respondent.

St. Louis Court of Appeals, May 2, 1899.

Divorce: DESERTION: JUSTIFICATION: CROSS-BILL. No attempt was made to prove the recriminatory matter pleaded in the defendant's cross-bill. Held, that in the case at bar it must therefore appear by a preponderance of the evidence, that the acts of the defendant, on account of which the plaintiff seeks a divorce, "were the natural or probable result of his own conduct and hence extenuate the defendant's acts, and reduce the offensive character below the degree which the law requires to justify the separation of the marriage tie" to sustain the trial court in refusing plaintiff a divorce.

*Appeal from the Hannibal Common Pleas Court.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED (with directions).

R. E. ANDERSON for appellant.

The permanent change of the domicile of the wife without the consent or knowledge of her husband and without cause, is a desertion within the meaning of our divorce laws. The proof sustains this averment. Deschodt v. Deschodt, 59 Mo. App. 102. The charge of abandonment in this case is

admitted by the answer of the defendant and the justification attempted to be pleaded, that in defense of a suit instituted by her, after she had thus abandoned him, he charged her with adultery, could not avail her in this proceeding, and for this cause the trial court should have granted plaintiff a divorce on the ground of abandonment. Dwyer v. Dwyer, 26 Mo. App. 647. As to the second ground of divorce in plaintiff's petition, the proof was overwhelming. In fact, the trial court is compelled to admit that he has a good ground for divorce, but refuses to grant it upon a ground totally unsupported by the evidence. Neither of the counsel in this case were attorneys in the former suit. As to what the testimony in that case was, is wholly immaterial, as the same was not made part of the record and the court can not take "judicial notice" of it. In the absence of evidence to that effect, the court can not take judicial notice that the case before the court had connection with one formerly decided by it. Banks v. Burnam, 61 Mo. 76.

No brief filed for respondent.

BIGGS, J.—This record presents some peculiar features. It is an action of divorce and was begun on the twenty-third day of July, 1898. The petition charges that on the twentieth day of July, 1897, the defendant deserted the plaintiff without just cause and has since remained away; that in 1895 she committed adultery with one Donovan; that she also committed adultery with one Berry in 1896; that in July, 1897, she committed adultery with Charles Westfall at her place of residence in Draper street in the city of Hannibal, and afterward at divers times at her residences on fifth and Chestnut streets in said city. The petition also charges that in 1897 the defendant visited a house of prostitution in the city of Hannibal and there committed adultery with divers persons who were unknown to plaintiff. There were two children born of the marriage, viz., Ernest and Howard, aged

respectively twelve and seven years.    The plaintiff asked that the custody of the children be awarded to him.

In 1897 the defendant here instituted an action of divorce in the Hannibal court of common pleas.    The grounds alleged were various indignities.    The husband (the plaintiff here) answered denying the allegations of the petition and by way of cross-bill he charged the same acts of adultery with Charles Westfall on Draper and Fifth streets that he now makes.    His answer was filed on the twentieth day of August, 1897.    The case was tried at the September term, 1897, and the court dismissed both the petition and cross-bill.    In answer to plaintiff's petition in the present action the defendant admits that she separated from plaintiff on the twentieth day of July, 1897; that the separation was not with his consent, and that since she has lived apart from him.    In justification of the desertion she pleaded that her husband in his answer in the former suit had falsely accused her of adultery.    She also pleaded the proceedings and judgment in the former suit in bar of the charges of adultery in the present action.    The answer also contained a cross-bill, the nature of which need not be stated, as the defendant did not attempt to establish its averments.    Upon these pleadings the cause was tried, which resulted in the dismissal of the petition and cross-bill.    Omitting the formal parts, the decree reads, and "the court proceeds to hear the evidence adduced, and finds from the evidence and takes judicial notice of the record of this court in the case of Minnie C. Helbing versus Henry A. Helbing, tried at the September term, 1897, of this court; and the court further finds from the evidence that neither the plaintiff nor defendant in this action is entitled to a divorce, and that neither the plaintiff nor the defendant is an injured or innocent party," etc.    From this decree the plaintiff has appealed.

The defendant's attempted justification of the desertion must fail, for the reason (if no other) that the defendant aban-

JUSTIFICATION.

doned the plaintiff before he filed his answer and cross-bill in
the former action.   The desertion took place on the twentieth
of July, 1897, and the cross-bill was filed a month later, hence
on the face of the pleadings this ground of divorce is admitted.
We concede that the former judgment as to the falsity of the
the alleged acts of adultery with Westfall at the defendant's
residences on Draper and Fifth streets is conclusive against the
plaintiff.   Evidence of facts concerning these charges was
admitted at the last trial as tending merely to characterize or
throw light upon the subsequent conduct of the defendant.
But the subsequent alleged acts of adultery with Westfall
and mentioned in the petition, and the charge that the defend-
ant on several occasions visited a house of assignation, were
new matter, and the charges were very satisfactorily estab-
lished by plaintiff's evidence.   Hence we conclude and hold
that these additional grounds of divorce were likewise estab-
lished.   As before stated no attempt was made to prove the
recriminatory matter pleaded in the defendant's cross-bill.
Neither did the evidence tend to show any other acts on the
part of the plaintiff, which if true, would have entitled the
defendant to a divorce had she been innocent.   Therefore the
judgment of the court refusing the plaintiff a divorce must
find support, if at all, in matters of palliation,
PALLIATION.       provocation or mitigation as distinguished from
recrimination.   That is it must appear by a pre-
ponderance of the evidence that the acts of the defendant, on
account of which the plaintiff seeks a divorce, "were the nat-
ural or probable result of his own conduct and hence extenuate
the defendant's acts and reduce the offensive character below
the degree which the law requires to justify the separation of
the marriage tie."   (Owen v. Owen, 48 Mo. App. 208.)   We
have read the record carefully, and the only scrap of evidence
the least detrimental to the character of the plaintiff is to be
found in the following extract from his cross-examination,
to wit:

"Q. Did you not as a witness on the former trial of this case, when being interrogated concerning the matter, admit that on one or more occasions during your married life, you had contracted a private disease? A. No, sir. Q. Did you not on the former trial of the case, admit that you had contracted gonorrhoea. * * * A. I had something, I don't know what. The doctor said it didn't amount to anything. * * * Q. How long was that before she left you here in Hannibal? A. It was a year or more—yes, two years, I guess. * * * Q. State to the court from whom you contracted the disease of which you speak? A. Why, I got it from my wife undoubtedly." What does the foregoing admission prove? That the plaintiff at one time in his married life was troubled with some disease of the urethra, not of a venereal character, for the physician said it amounted to nothing, and that he contracted the disease from his wife. Can it be said that on account of this the defendant was justified in abandoning plaintiff and in entering on a life of prostitution? The question needs no answer.

The judgment of the Hannibal court of common pleas will be reversed and the cause remanded, with directions to enter a decree of divorce in plaintiff's favor and also awarding to him the custody of the two children. All concur.