ANTON GRIESEDIECK, Respondent, v. GERTRUDE GRIESEDIECK, Appellant.

St. Louis Court of Appeals, January 16, 1894.

1. **Practice Appellate:** REVIEW OF EVIDENCE IN ACTION FOR DIVORCE. In equity and divorce cases appellate courts are not bound by findings of fact made by the trial courts, but will nevertheless pay deference thereto.

2. **Divorce:** EVIDENCE OF INDIGNITIES. The evidence in this cause is considered, and is *held* to establish cause for divorce on the ground of indignities to the plaintiff, rendering his condition intolerable.

3. ————: ACTS OF MISCONDUCT BY COMPLAINANT. A sudden act of retaliation by the plaintiff in a suit for divorce, provoked by the misconduct of the defendant, will not defeat the action, when repeated acts of the defendant, constituting grounds for divorce have been shown.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Lubke & Muench* for appellant.

The allegation of the petition, that plaintiff has made liberal provision for the defendant, is not sustained by the proof. *Gercke v. Gercke*, 100 Mo. 237; *McCartin v. McCartin*, 37 Mo. App. 471. The house conveyed to her is subject to his curtesy estate. *Soltan v. Soltan*, 93 Mo. 307. Plaintiff is not the "injured party." *Hoffman v. Hoffman*, 43 Mo. 547;

*McKehan v. McKehan,* 84 Mo. 403; *Dwyer v. Dwyer,* 2 Mo. App. 17. Although the defendant may not be entitled to a decree on her cross bill, he is still not an "injured party." *Dwyer v. Dwyer,* 16 Mo. App. 422. Plaintiff has not shown that he faithfully demeaned himself. The acts of which he complains were provoked by himself, and he aggravated them by inexcusable assaults upon her. The maxim, *volenti non fit injuria,* applies. *Dwyer v. Dwyer,* 16 Mo. App. 427. Married parties must bear and forbear. For specific causes the married state may be destroyed, but he or she who is instrumental in producing the cause for a divorce can never avail himself or herself of it. *Gillinwater v. Gillinwater,* 28 Mo. 61; *Simpson v. Simpson,* 31 Mo. 24. There was no substantial conflict in the evidence as to the acts of cruelty of plaintiff charged in defendant's cross bill. And this being in the nature of an equity case, the appellate court should review all the evidence and determine its weight and effect, regardless of the finding of the trial court. *Luce v. Barnum,* 19 Mo. App. 359; *Crawford v. Spencer,* 36 Mo. App. 86; *Benne v. Schnecko,* 100 Mo. 258; *Dale v. Hogan,* 39 Mo. App. 646; *Waddingham v. Waddingham,* 21 Mo. App. 609.

*G. A. Finkelnburg* for respondent.

A sudden and impassioned act of retaliation, directly provoked by the defendant's conduct, does not deprive plaintiff of his right to a divorce for repeated and continued acts of misconduct on defendant's part constituting grounds of divorce. 1 Bishop on Marriage and Divorce, sec. 1641; *Owen v. Owen,* 48 Mo. App. 208; *Hoffman v. Hoffman,* 43 Mo. 547; *Trigg v. Trigg,* 18 S. W. Rep. 313. The plaintiff must be an injured party—it is not necessary that he should be absolutely and in every particular an "innocent" party.

The word "innocent" which was at one time in section 4500 of our statutes has been dropped out. It was retained in section 4508, which treats of *ex parte* divorce proceedings only, and presumably was retained there on grounds of public policy which do not apply to a case where both parties are represented. *Dwyer v. Dwyer*, 16 Mo. App. 426. Aside from the subsidiary points above stated this appeal resolves itself into this: That there is nothing involved in the case but a conflict of evidence. Where the evidence in a divorce case is conflicting, and the decision of the court that tries the cause depends upon the credit to be given to witnesses, an appellate court will not interfere. *Stevenson v. Stevenson*, 29 Mo. 95; *Gillespie v. Gillespie*, 28 Mo. 598; *Owen v. Owen*, 48 Mo. App. 208, 212; *King v. King*, 42 Mo. App. 454; *Miller v. Miller*, 14 Mo. App. 418; *Nichols v. Nichols*, 39 Mo. App. 291. The procedure of the court in divorce cases is analogous to that in equity cases, where, owing to the advantages possessed by the trial court in the determination of contested issues of fact, the appellate court will defer to its findings. *Erskine v. Loewenstein*, 82 Mo. 301; *Berberet v. City*, 19 Mo. App. 550; *Boyle v. Jones*, 78 Mo. 403; *Robertson v. Reed*, 38 Mo. App. 32; *Judy v. Farmers' Bank*, 81 Mo. 404; *Mathias v. O'Neill*, 94 Mo. 520; *Bryden v. Fourth National Bank*, 15 Mo. App. 580; *Harris v. Township*, 22 Mo. App. 462; *Cox v. Cox*, 91 Mo. 71.

BIGGS, J.—The plaintiff in his petition for divorce charged that the defendant, his wife, had an ungovernable temper and an unforgiving disposition; that for several years preceding their final separation, she had been guilty of many indignities toward him which had rendered his condition intolerable, and that she finally compelled him to leave their home. The answer con-

tained a cross bill in which the defendant claimed she was the injured party, and that the indignities offered to her by the plaintiff entitled her to a divorce. The circuit court granted a divorce to the plaintiff, and the defendant has appealed.

The plaintiff's evidence tended to prove generally a course of quarrelsome conduct on the part of the defendant, extending over a period of two or three years prior to the final separation, which, in more than one instance, resulted in a temporary suspension of all intercourse between the parties; but that through the efforts of the plaintiff the troubles had been patched up until the seventh day of November, 1892, at which time the defendant, who owned the homestead, peremptorily ordered the plaintiff to leave her house and never to return again. Specifically the plaintiff's evidence tended to prove that on several occasions the defendant called him a rascal, scoundrel, swindler, monster and a "son-of-a-bitch;" that she spit at him; that she accused him of associating with, and making presents to, lewd women; and that she accused him of having improper relations with his daughter-in-law, who is also his niece.

On the other hand, the defendant's evidence tended to show that, for several years preceding the final separation, the plaintiff had habitually denounced her as a crazy and mean woman; that during the time he had neglected her; that in 1888, when three of their children died, he complained of the cost of the coffins, and also expressed the wish that all of her children had died, and that none would be living of so mean a woman; that on one occasion he caught her by the throat and dragged her into the hall; that on another occasion he pushed her against a book-case; that at another time he raised a chair and threatened to strike her, and that on the eighth day of June, 1892, he threw a beer mug and a

cigar stand at her.

It is a settled rule of practice in this state that in equity and divorce cases appellate courts are not bound by the findings of fact of the lower court, but deference, nevertheless should be paid to such findings. By this is meant that, if the findings of the trial judge are supported by a preponderance of the evidence, they must be upheld. *Taylor v. Cayce,* 97 Mo. 242; *Owen v. Owen,* 48 Mo. App. 208; *Rawlins v. Rawlins,* 102 Mo. 563. In the case at bar the plaintiff and the defendant contradicted each other on all material averments, except the allegation in the cross bill that the plaintiff undertook to strike the defendant with a beer mug and a cigar stand, to which particular reference will hereafter be made. Both parties were in a measure corroborated by other witnesses, the plaintiff by five of his children, the family physician, and the coachman, and the defendant by two of her children and, in one or two unimportant matters, by two servant girls. Therefore, the positive evidence bearing directly on the specific charges both in the petition and cross bill preponderates in favor of the plaintiff.

But the determination, whether an act is an indignity which would entitle one of the spouses to a divorce, must largely depend upon existing and preceding conditions; for, if the act complained of is the natural or probable result of the complainant's own misconduct, then it is no such indignity. Therefore, the general conduct of both parties must be considered.

It is suggested by the defendant's counsel that, if it be conceded that she was guilty of the misconduct imputed to her, it was but the natural result of plaintiff's conduct towards her during the last few years of their married life. The plaintiff was married to the defendant in Germany in the year 1868. At that time he was a widower with five children; the defendant

was nineteen years old. Shortly after the marriage the plaintiff, who was a small tradesman, failed in business, which caused the family to emigrate to America. The plaintiff located in St. Louis and immediately engaged in the malt and brewing business, and so continued until in 1888, at which time he sold his brewery for a very large amount of money. In justification of the outbursts of the defendant's temper, her counsel urge that the plaintiff by reason of his great financial successes, and by being brought in contact with the business world, had outgrown the simple habits of his earlier life; that the household duties of the defendant had kept her confined to her home, and that the same opportunity had not been afforded her to learn the language and customs of the people of her adopted country, or to accommodate herself to the new surroundings produced by the suddenly acquired wealth of her husband; and that it was for these reasons that the plaintiff lost all interest in his home, neglected his family and tired of his wife and her simple country ways.

We have read the record, which is very voluminous, and have been led to a conclusion quite different from that stated by defendant's counsel. It is true that the plaintiff has amassed quite a fortune, and the evidence tends to prove that the defendant is a woman of domestic habits and tastes, and that she has never manifested a disposition to go into society or to adopt the ways of society people. But we do not find sufficient evidence in the record to justify the conclusion, that the plaintiff by reason of these facts had become fond of display, or that he had neglected the defendant and had become disgusted with her country ways, or that he had lost interest in his domestic affairs. On the contrary we find that, within the time complained of, the plaintiff had given to the defendant in real

estate and securities the sum of $35,000; that during the time he was the first to make advances looking to a settlement of their domestic troubles; that in the summer of 1891, at a time when all social and marital relations were suspended, he invited her to spend the summer with him on the northern lakes, which invitation she discourteously declined; and that in the spring of 1892 he begged her to go to Europe with him, which she at first peremptorily declined but afterwards consented to do. On another occasion, when the parties were at cross-purposes, the plaintiff attempted a reconciliation through the efforts of mutual friends which were spurned by the defendant. Again in 1891 the defendant, having previously compelled her oldest daughter to leave her home, refused to allow her to return or to have any communication whatever with her. While at the house of the defendant's sister, the latter at the request of the plaintiff begged the defendant to allow her daughter to return. This the defendant declined to do. The foregoing facts are undisputed, and they go very far towards satisfying us that the plaintiff loved his home and his children, and that he earnestly and sincerely endeavored to establish and maintain harmonious relations between himself and wife, and also between her and the children.

There is another matter, however, which we deem proper to discuss. The plaintiff admitted that during one of their quarrels he became so exasperated on account of the vile abuse heaped upon him by his wife, that he attempted to hit her with a beer mug and cigar stand. He testified that the defendant on that occasion, in the presence of his young daughter and one of his sons, not only applied to him vulgar and abusive epithets, but also accused him of keeping his own niece as a mistress. The plaintiff is corroborated in this

statement by his daughter, and we assume that the trial court found it to be true. While the provocation was certainly a very grievous one, the plaintiff's conduct cannot be fully justified. But this unguarded and hasty act cannot and ought not to defeat the plaintiff's action. It is the law of divorce that a sudden act of retaliation by plaintiff, which has been provoked by the defendant's own misconduct, will not defeat the action, where repeated acts of the defendant, constituting grounds of divorce, have been shown. Bishop on Marriage & Divorce, sec. 1641; *Owen v. Owen*, 48 Mo. App. 208; *Hoffman v. Hoffman*, 43 Mo. 547.

Our conclusion is that the judgment of the circuit court ought to be affirmed. It is so ordered. All the judges concur.