## SCHWEIKERT, Respondent, v. SCHWEIKERT, Appellant.

### St. Louis Court of Appeals, November 29, 1904.

1. **HUSBAND AND WIFE: Divorce: Private Communcations.** The general rule obtains in this State that private communications between husband and wife can not be testified to by either party.

2. ——: ——: ——: **Exception to Rule.** But where, from the peculiar nature of the inquiry, the information sought is peculiarly within the knowledge of the wife, the necessity for her testimony may outweigh public policy, so that the rule disqualifying her as to such statements may be relaxed.

3. ——: ——: ——: **Petition.** A petition for divorce by the wife, on the ground of indignities, which alleges the use of vile and abusive language and words reflecting upon the character of plaintiff, sufficiently states a cause of action without the further allegation that such language was employed in the presence of a third party.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Phil. H. Sheridan* and *Henry B. Davis* for appellant.

REYBURN, J.—In this proceeding the offenses charged and assigned as causes for divorce were, that the husband, a man of violent temper, would become angered against defendant without cause and would frequently abuse her, applying coarse and obscene epithets specified; that on several occasions he told her he would be glad if she would leave him, that he threatened to strike her, on one occasion saying he would

give her one blow which would be enough for her; and that he compelled her, while pregnant and ill, to work in the bakery he conducted at hard work till a late hour of the night, causing her to become quite ill so that she was confined to bed for four months; the answer was a general denial.

At the hearing defendant's attorney interposed an ineffectual objection to any evidence being offered under petition and it was defective in containing charges of indignities embodied in oral abuse of plaintiff and use of words reflecting on the character of plaintiff without the essential further averment that such language was uttered in the presence of third persons. The trial proceeded and after the examination of witnesses for the opposing parties, the court granted plaintiff the relief sought with custody of the infant child and alimony at the rate of five dollars per week.

The general rule is firmly established in this State that private communications between husband and wife can not be testified to by either party, the reason of the rule of thus rendering the parties to the marital union incompetent witnesses as to language spoken by one or the other while alone, has been declared to be from considerations of public policy, but it has been further held in a recent decision in this State, that where from the peculiar nature of the inquiry, the information sought is peculiarly within the konwledge of the wife, the necessity for her testimony may outweigh public policy and the rule disqualifying her as to such statements may be relaxed or suspended. Maget v. Maget, 85 Mo. App. 6. It is needless in this case, however, to proceed to such length, and no exception to the general rule need here be made. The testimony tended to show that defendant was in the habit of addressing the plaintiff in vile and abusive language, applying to her most revolting terms imputing habitual lewdness and shamelessness in the presence, particularly of his

own stepdaughter, a young woman of seventeen years of age at time of trial, the child of a former wife of defendant.

No authority has been submitted and none probably can be discovered requiring the petition to affirm that the language of the party accused constituting a ground of divorce was employed in presence of a third party. The allegations of the petition were supported by the testimony of the plaintiff and corroborated by other witnesses and were in great part admitted by defendant. In proceedings of this character, while this court will review the evidence, the finding of the trial court merits much deference and consideration, and no just cause for disturbing its judgment in this case has been shown and it is accordingly affirmed. All concur.