## ENOCH BREEDING, etc., Respondent, v. E. H. NELSON, Appellant.

### St. Louis Court of Appeals, October 19, 1909.

1. **REPLEVIN: Justices' Courts: Appeal to Circuit Court: Right to Dismiss Appeal.** In an action in replevin, where the party in possession of the property sought to be replevied appeals to the circuit court from a judgment rendered by a justice of the peace, he has no absolute right to dismiss his appeal and thereby escape an order for a return of the property or judgment against him and his sureties on the appeal bond.

2. **JUDGMENTS: Cannot be Altered at Subsequent Term.** When a final judgment is entered in a cause at one term, it cannot be altered or modified at a subsequent term.

3. **———: Motion to Modify: May be Determined at Subsequent Term.** But if a motion to modify is filed at the term in which the judgment is entered and is carried over to the next term without a ruling, it may be disposed of at that term.

4. **JURISDICTION: Trial Practice: Dismissing Appeal and Subsequently Affirming Judgment.** From a judgment rendered by a justice of the peace in an action in replevin, defendant appealed to the circuit court, and in the latter court, on defendant's motion, the appeal was dismissed. Subsequently, at the same term, plaintiff moved to set aside the dismissal and to affirm the judgment of the justice. This motion was carried over to the next term, at which term the court made an order affirming the judgment of the justice, without expressly setting aside the dismissal. *Held*, that the intention of the court was to set aside the dismissal and then affirm the judgment, and that, considered according to its substance, this was the order, and, therefore, the court had jurisdiction of the cause at the latter term, relieved from the obstacle of the judgment of dismissal rendered at the previous term, and it could enter a judgment of affirmance and afterwards, at the same term, modify said judgment, if it saw proper.

5. **———: ———: Failure to Set Aside Order Dismissing Appeal: Waiver by Going to Trial: Statute of Jeofails.** Under section 672, R. S. 1899, although an order dismissing an appeal from a justice of the peace to the circuit court is not expressly set aside, if the parties submitted evidence and took part in the trial on the merits in the latter court, the order of dismissal will not affect the subsequent proceedings.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

AFFIRMED.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for appellant.

(1) An appeal from the judgment of a justice of the peace by the defendant does not vacate the judgment, but suspends its effect for the time being. The dismissal of his appeal by the defendant reinstates the judgment of the justice. The defendant may dismiss his appeal against the protest of the plaintiff and without his consent and when the appeal is dismissed the circuit court has no further jurisdiction in the matter. Piel v. Finck, 19 Mo. App. 338; Jones v. Pharis, 59 Mo. App. 254; Pullis v. Iron Co., 157 Mo. 565; Sublette v. Railway, 96 Mo. App. 113. (2) The circuit court cannot affirm the judgment of a justice of the peace after it has dismissed the appeal, even though it attempts to do so at the same term at which the judgment of dismissal was entered. Nelson v. Ghiselin, 17 Mo. App. 663. (3) After the close of the term at which it was rendered the circuit court has no power to alter or amend a judgment and a motion to change or amend the judgment made at a subsequent term comes too late and confers on the court no jurisdiction in the premises. Harrison v. State, 10 Mo. 686; State v. Harper, 56 Mo. App. 611; Crawford v. Railway, 171 Mo. 68, and cases cited.

*Herbert N. Arnstein* for respondent.

(1) In a replevin suit on an appeal to the circuit court from a justice of the peace, the appellant, if he have possession of the property, has no right to dismiss his appeal. Munley v. King, 40 Mo. App. 531. (2) The circuit court has jurisdiction to set aside a

dismissal of an appeal from a justice of the peace and reinstate the cause. State v. Harrison, 53 Mo. App. 347. (3) A court has jurisdiction at a subsequent term to set aside or modify a judgment entered at a prior term, provided a motion to that end was filed at the term during which the judgment was entered and was not then acted upon. Harkness v. James, 182 Mo. 231; 1 Freeman on Judgments (4 Ed.), sec. 96; 1 Black on Judgments (2 Ed.), sec. 154. (4) The effect of a judgment is to be gathered from its substance, rather than its form. Lane v. Dowd, 172 Mo. 167. (5) Want of jurisdiction of the person is waived by appearance and engaging in a trial to the merits. Nicholson v. Railway, 55 Mo. App. 593; Kronski v. Railway, 77 Mo. 362; Thomasson v. Insurance Co., 114 Mo. App. 109, s. c., 217 Mo. 495; Fitterling v. Railway, 79 Mo. 504; Corbett v. Ass'n, 16 L. R. A. (N. S.) 177, 135 Wis. 505; Allen v. Welch, 125 Mo. App. 278. (6) It is immaterial that objection to jurisdiction is made, if the objecting party thereafter actively participates in the trial. Cases cited in point 5, supra; Tower v. Moore, 52 Mo. 118. (7) After a trial and judgment on the merits the defect of jurisdiction caused by a prior dismissal, never formally set aside, is cured by the Statute of Jeofails. R. S. 1899, sec. 672, clause 5; Thurman v. James, 48 Mo. 235. (8) On the merits the judgment was proper, because: (a) In a replevin action brought by plaintiff without giving bond, the court, if judgment be for plaintiff, must assess the value of the property detained and award plaintiff at his option, the possession of or the value of the property. R. S. 1899, sec. 4476; R. S. 1899, sec. 3917; Munley v. King, 40 Mo. App. 531; (b) The justice of the peace committed error in rendering an affirmative money judgment against the plaintiff, a trustee in bankruptcy, and the circuit court properly corrected that error. Frank v. Bank, 182 N. Y. 264; Remington on Bankruptcy, sec. 1187, p. 694. (c) When plaintiff

in replevin recovers part of the property sued for, all costs should be adjudged against defendant. Hecht v. Heimann, 81 Mo. App. 370.

This appeal calls into question the jurisdiction of the circuit court when the judgment appealed from was rendered. The action is replevin and was begun before a justice of the peace, where it resulted in a judgment for the plaintiff for the property, subject to a lien found to exist in favor of defendant. The judgment pronounced was that plaintiff recover from defendant the property and defendant recover from plaintiff $323.30, for expenses incident to the property, for which sum a lien was declared and execution was ordered to enforce payment if it was not voluntarily made. An appeal was taken to the circuit court where, at the April term, 1906, and on May 22, the defendant, who was appellant in said court, appeared and moved to dismiss the appeal and the court entered an order dismissing it at defendant's cost. On May 31, following, plaintiff moved to set aside the dismissal of the appeal previously made at the request of defendant, and that the court, in lieu of said order, enter one affirming the judgment of the justice. Reasons assigned for this motion were that the action was replevin, the property had always remained in possession of defendant, a dismissal of the appeal would operate to release the sureties on the appeal bond, throw the plaintiff back for recovery of his property on the judgment of the justice and subject to a lien declared in defendant's favor. Said motion of plaintiff to set aside the judgment of dismissal and for a judgment of affirmance, was not disposed of at the April term, but went over to the June term, and on July 9, of the latter term, was submitted to the court; the court entered an order reciting the submission and that the court had heard and considered the motion, and it appearing from an inspection of the record that on May 22 the

court, at defendant's motion, had dismissed the appeal, it was considered and adjudged that the judgment of the justice entered December 7, 1905, be in all things affirmed, and plaintiff have and recover from the defendant and his sureties on the appeal bond, the property in question, defendant recover from plaintiff the sum of $323 for expenses connected with the property and for that sum a lien was declared. It will be observed the court did not in words sustain the motion plaintiff had filed to set aside the judgment of dismissal, or order the dismissal set aside, but affirmed the justice's judgment. Afterwards and during the June term, to-wit, September 29, 1906, plaintiff by counsel filed a motion to amend the entry of July 9, affirming the judgment of the justice. The grounds of this motion were that the judgment of the justice contained a finding of $323 in favor of defendant on his counterclaim for keeping the property and declared a lien for said sum; that this part of the justice's judgment, as well as the other, was affirmed by the circuit court; that a finding in defendant's favor on the counterclaim was a variance from the court's own finding of facts and was not justified or supported, but was without warrant of law, because the court had "no jurisdiction to render an affirmative judgment for money damages against the plaintiff on her counterclaim in her replevin suit." The court was asked to strike out the portion of its judgment of affirmance in respect of the counterclaim, or else to vacate the judgment of affirmance entirely and set the cause down for trial. This motion passed over from the June to the October term, 1906, and on November 20 was sustained by setting aside the prior judgment of affirmance. The effect of this order was that the judgment rendered at the June term, 1906, affirming the judgment of the justice, was set aside at the October term. Thereafter, at the same

142 App—44

term and on November 26, plaintiff, by leave of court, withdrew the motion he had filed at the April term, to-wit May 26, 1906, to affirm the judgment of the justice of the peace and filed a motion to affirm the judgment of the justice in part and for an assessment of the value of the property. The motion filed November 26, 1906, at the October term, was entitled "A motion to assess value of property." It began by reciting plaintiff, by leave of court, had withdrawn his motion to set aside the dismissal and affirm the judgment of the justice of the peace, and in lieu of said motion filed a motion, the contents of which we abridge. It recited the nature of the action and that it was for the recovery of two vehicles and a horse detained by the defendant under an alleged liveryman's lien for board and keep; then recited the judgment of the justice, the taking of the appeal by defendant, and the dismissal of the appeal on May 23. Next averred the judgment of the justice was incomplete and of no avail against the sureties on the appeal bond because it did not set forth and determine in the alternative the value of the property wrongfully detained. The value is then alleged, i. e., that the one-horse wagon involved in the controversy was worth $150 and the runabout $175. Nothing is said about the value of the mare, though the justice had found plaintiff was entitled to the possession of a bay mare. The motion then proceeded to state the latter part of the justice's judgment, which was in favor of defendant and against plaintiff on the counterclaim and alleged it was given without warrant of law as the justice had no jurisdiction to render judgment for money damages in a replevin suit. The court was asked to hear evidence as to the value of the wagon and runabout and render judgment against defendant and his sureties on his appeal bond, affirming the judgment of the justice touching plaintiff's ownership of the two vehicles and right of possession, and adjudging plaintiff have and recover from defendant and his sureties

in the alternative the sum of $325, the value of said vehicles so detained; further, that the court render judgment against plaintiff and in favor of defendant for the mare, but that plaintiff have and recover of defendant his costs. It will be seen said motion called on the court to try the case and determine the rights between the parties. It was continued to the April term, 1907. At the April term the court entered an order purporting to sustain the motion and set the cause down for hearing. A term bill of exceptions was filed and afterwards at the June term, 1907, the court rendered a judgment in which it recited the cause had come on "for hearing for assessment of the value of the personal property in controversy," and described in the statement as a one-horse wagon and a one-horse runabout. The court found the value of the former at $85 and the latter at $75, or a total of $160, and ordered the judgment of the justice affirmed in part and that plaintiff recover of defendant the possession of the wagon and runabout or, at his election, the value of the property so assessed and this recovery be against defendant and his sureties on his appeal bond. It was further adjudged that defendant have and retain possession of the horse sued for and described in the complaint.

GOODE, J. (after stating the facts).—As defendant, who appealed from the justice of the peace, was in possession of the property, he had no absolute right to dismiss his appeal and thereby escape an order for a return of the property or judgment against him and his sureties on the appeal bond. [Munley v. King, 40 Mo. App. 531.] It is a sound proposition of law, as contended by defendant's counsel, that when final judgment is entered in a cause at one term, it cannot be altered or modified at the succeeding term. But this rule is subject to the qualification that if a motion to modify is filed at the term when the judgment was en-

tered, and is carried over to the next term without a ruling, it may be disposed of at the subsequent term. [Harkness v. Jarvis, 182 Mo. 231.] If the court at the June term had expressly ordered the judgment of dismissal entered at the April term set aside in accordance with plaintiff's motion, there could be no question that the whole case would have been reopened for further proceedings. By inadvertence the court affirmed the judgment of the justice without expressly setting aside the dismissal, instead of setting it aside and then entering the affirmance. But the entire tenor of the order made at the June term, shows the intention was to sustain the motion to set aside the dismissal and then enter judgment of affirmance; and considered according to its substance this was the effect of the order. [Lane v. Dowd, 172 Mo. 167.] Therefore the appeal should be treated as though the cause stood at the June term and thereafter for action relieved from the obstacle of a judgment rendered at a previous term. Hence the court had jurisdiction of the cause at the June term, could enter judgment of affirmance and afterward, and during said term, might modify this judgment if it saw proper. Plaintiff filed a motion to have it modified, which motion went over to the October term; and under the authority of Harkness v. Jarvis, and the settled rule, might be acted on at that term. And so the proceeding continued until it was finally heard on the evidence adduced by the respective parties.

The question of jurisdiction now raised may be considered from another point of view. Instead of standing on the position he took that the judgment of dismissal at the April term precluded any further action after the motion to set aside said judgment had been withdrawn, defendant submitted evidence and took part in the trial on the merits. The fifth clause of the Statute of Jeofails says the judgment in a cause shall not be stayed, reversed or impaired "for any mis-

pleading, miscontinuance or discontinuance, insufficient pleading, jeofail or misjoining issue." [R. S. 1899, sec. 672.] In Thurman v. James, 48 Mo. 235, that clause of the statute was construed when the point in dispute was precisely the one here. The cause had been dismissed and the record failed to show, except inferentially, that the judgment of dismissal had been set aside. The court held a dismissal amounted to a discontinuance within the meaning of the statute, and as the parties had afterwards submitted themselves to the jurisdiction, this prior discontinuance did not affect the subsequent proceedings. It was also said the order of dismissal ought to be considered as having been set aside, inasmuch as the parties appeared and went to trial and the court took jurisdiction of the case and rendered judgment in it.

The judgment is affirmed. All concur.