MARY A. MEYER, Respondent, v. FREDERICK J. MEYER, Appellant.

St. Louis Court of Appeals.   Argued and Submitted May 1, 1911. Opinion Filed June 6, 1911.

1. **BILLS OF EXCEPTIONS: Extending Time for Filing: Divorce.** The rule that the trial court in term time or the judge in vacation may, by successive extensions of time, extend the time for filing a bill of exceptions, provided the order granting the extension is made either at the term at which the judgment was rendered or before the expiration of successive extensions of time, applies to the filing of a bill of exceptions in a divorce action.

2. **APPELLATE PRACTICE: Time for Taking Appeal.** Under section 3876, Revised Statutes 1909, providing that no proceeding shall be deemed discontinued for the failure of any term of court nor by reason of any adjournment before the business is disposed of, but that the same shall be continued, the failure to enter a formal order of continuance of a motion for a new trial, from term to term, does not prevent the

motion from being one pending· in court; and such a motion filed in time suspends the judgment until finally disposed of, the term at which it is disposed of being the only term at which an appeal may be granted.

3. ————: Conclusiveness of Finding: Divorce. A finding of the court in a divorce action on conflicting evidence of witnesses heard in open court will not be disturbed on appeal.

4. DIVORCE: Absolute Right. Where one suing for divorce proves facts entitling ·him to a divorce, the court has no power or discretion to deny it.

5. HUSBAND AND WIFE: Witnesses: Vituperative Epithets: Competency of Wife: Divorce. Vituperative epithets and personal abuse transpiring between husband and wife alone are not communications within the rule excluding the testimony of husband or wife as to communications made between each other in the absence of any other person, and may be proved in an action for divorce.

Appeal from St. Louis City Circuit Court.—*Hon. William. M. Kinsey,* Judge.

AFFIRMED.

*Zachritz & Zachritz* and *Harmon J. Bliss* for appellant.

(1) The review of a suit for divorce on appeal is governed by the rules applicable to equity cases, and extends to the law and the facts. While the appellate court gives due weight to the findings of fact in the trial court, it will examine the evidence for itself and determine whether it justifies the decree of the court below. Green v. Green, 22 Mo. App. 494; Griesedieck v. Griesedieck, 56 Mo. App. 94; McCann v. McCann, 91 Mo. App. 1; Schuman v. Schuman, 93 Mo. App. 99; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216; Griesedieck v. Griesedieck, 56 Mo. App. 98. (2) To authorize the granting of a divorce, one of the parties asking for it must be both the innocent and injured party, and, as in a court of equity, must come into court with clean hands. Nagel v. Nagel, 12 Mo. App. 53; Duncan v. Duncan, 12 Mo. App. 157;

Morrison v. Morrison, 62 Mo. App. 299; Lawler v. Lawler, 76 Mo. App. 637; Tarlotting v. Tarlotting, 82 Mo. App. 192. (3) Abusive language and bad temper are not sufficient to constitute cruelty, unless accompanied by personal violence or threats of bodily hurt, together with an unmistakable evidence of an intention to carry them into execution. Kennedy v. Kennedy, 73 N. Y. 369; Evans v. Evans, 1 Hagg. Const. 35, 4 Eng. Eccl. 310; Cheatham v. Cheatham, 10 Mo. 296; Doyle v. Doyle, 26 Mo. 545; Bailey v. Bailey, 97 Mass. 380; Henderson v. Henderson, 88 Ill. 248; Whaley v. Whaley, 68 Iowa 647; Barrere v. Barrere, 4 Johns. Ch. 187. (4) For an indignity to be intolerable in the statutory sense, it must amount to a species of mental cruelty. Goodman v. Goodman, 80 Mo. App. 274; Holschbach v. Holschbach, 134 Mo. App. 247.

*Edward C. Kehr* for respondent.

(1) The decree was rendered at the June term, 1909. The record does not show that the motion for new trial was continued to the October term, or from the latter to the December term. The appeal was granted at the December term, 1909, but the bill of exceptions was not filed until the second term thereafter, to-wit: At the April term, 1910, and, therefore, was not filed in time. R. S. 1899, secs. 728, 2931. An appeal from a decree of divorce must be taken within the term in which the divorce is granted. Elliott v. Elliott, 135 Mo. App. 42. (2) Where the sufficiency of the evidence to sustain the judgment is attacked the appellant must put the entire evidence in his abstract. Crohn v. Modern Woodman of America, 145 Mo. App. 158. (3) Where the evidence in a divorce case is conflicting and the decision of the court that tries the case depends upon the credit to be given to witnesses, an appellate court will not interfere. Stevenson v. Stevenson, 29 Mo. 95. If the findings of the trial judge are supported by a preponderance of the evidence,

Meyer v. Meyer.

they must be upheld.   Griesedieck v. Griesedieck, 56
Mo. App. 98.   (4)   Divorce is a legal right and where
the facts entitle a party to it, the court have no dis-
cretion to deny it.   Descholdt v. Descholdt, 59   Mo.
App. 105; Wald v. Wald, 119 Mo. App. 349; Wares
v. Wares, 122 Mo. App. 134; Raney v. Raney, 128 Mo.
App. 167; Stone v. Stone, 134 Mo. App. 246; Hamberg
v. Hamberg,. 147 Mo. App. 591.   (5)   A vituperative
epithet is not within the rule that private communica-
tions between husband and wife cannot be testified to
by either.   Miller v. Miller, 14 Mo. App. 419.   Where
the information sought is peculiarly within the knowl-
edge of the wife, the necessity for her testimony may
outweigh public policy, so that the rule disqualifying
her as to such statements may be relaxed.   Schweikert
v. Schweikert, 108 Mo. App. 477.   (6)   The respondent
was clearly entitled to the decree.   What acts amount
to statutory indignities depends upon the facts of each
case.   McCann v McCann, 91 Mo. App. 1; Schweikert
v. Schweikert, 108 Mo. App. 477; Raney v. Raney, 128
Mo. App. 169; Rose v. Rose, 129 Mo. App. 179; Clark
v. Clark, 143 Mo. App. 350.

REYNOLDS, P. J.—Action for   divorce,   insti-
tued January 14, 1909.   The parties were married on
January 12, 1895, and it is claimed that the marital
relation was maintained until July 12, 1908.   After
that date, and down to the time of the trial apparently,
they continued to live in the same house, which was
owned by plaintiff and her son by a former marriage,
defendant occupying a room in the house, which he had
used continuously as his own for a number of years
before.   At the time of the marriage between the par-
ties, plaintiff was a widow about forty-two years of
age with one child, a son then some thirteen years of
age, and defendant about   twenty-eight   years   old.
Plaintiff at the time of this marriage was possessed
of considerable property, left her by her first husband,

while defendant was working as a street car conductor. At the instance of plaintiff he gave up that occupation when married and by an arrangement between him and his wife, under which he was to do work around the house and premises, the property consisting of some three or more acres and being worked as a garden, she allowed him twenty dollars a month. At the solicitation of his intended wife, defendant joined the Roman Catholic Church and they were married according to the forms of that church.

The petition in the case charges that defendant, disregarding his duty as the husband of plaintiff, has been guilty of such cruel and barbarous treatment as to endanger her life and has offered such indignities as to render her condition intolerable. The acts of cruelty and the indignities are set out with particularity, the petition charging sullenness on the part of defendant, repeatedly calling her opprobrious names, using vile, vulgar and blasphemous expressions toward her, that he railed at her religion, taunted and derided her on account of her religious faith, spoke ill of her friends, mimicked and goaded her, tried to hurt her feelings by all means in his power; and repulsed all efforts of plaintiff to have him treat her in a different manner. That notwithstanding his conduct toward her he refuses to leave their domicile in which he conducts himself in a disorderly manner, when the doors were closed breaking off the locks; had slapped her and struck her and seized and wrenched her thumb; had neglected her when sick; had failed to provide for her or contribute to her support; on the contrary was always importuning her for money and has resorted to cruel and offensive conduct toward her to extort money from her. That in consequence of his acts, plaintiff had withdrawn from all intercourse with him in July, 1908, and although she has ever since refused to live with him, he persists in remaining in the house against her wish

and protest, and by petty annoyance, tries to harass and worry her and make her life miserable, coming to the house at all hours of the day and night and insisting on having the doors open for him; disturbing her peace by running through the halls of the house, talking loudly, splitting wood in his room and making himself generally disagreeable. Plaintiff asks for the restoration of her maiden name, Mary A. Foster; avers that no child was born of this marriage; that she has continuously for many years been and is now a resi-. dent of this state and of the city of St. Louis; that defendant has property of the value of $5000 or more, and she asks alimony *pendente lite* and an allowance for maintenance, etc.

The answer, admitting the marriage, is a general denial of all the other allegations of the petition.

The cause was tried before the court and a decree rendered in favor of plaintiff restoring her name, Mary A. Foster, but making no order for alimony, maintenance or counsel fees.

This judgment was entered at the June term, 1909, of the court, and within four days thereafter, and during that term, defendant filed his motion for a new trial. This motion was overruled December 13th, during the December, 1909, term of the court. Defendant duly saved exception and at that term filed his affidavit for appeal. The appeal was then allowed and defendant granted sixty days time within which to file his bill of exceptions. At the February and April terms of court, and within the sixty days, the court gave defendant a further extension of sixty days within which to file his bill of exceptions, and at the latter term, and within the sixty days, defendant presented his bill of exceptions, which was duly allowed, signed, filed and made of record.

On this record, counsel for respondent claiming that it does not show that the motion for a new trial was continued to the October term or from the latter

to the December term, at which term it was overruled and the bill of exceptions filed in the April, 1910, term, now claims that the bill of exceptions was filed out of time, and the appeal improperly granted. His position is that an appeal from a decree of divorce must be taken during the term in which the divorce was granted, and that this was granted at the June, 1909, term of the court.

There can be no dispute of the proposition that an appeal from a decree of divorce, and for that matter in all other actions, must be taken during the term at which the decree or judgment was rendered. It is also beyond controversy that the bill of exceptions must be filed either at the term at which the final judgment or the judgment appealed from was rendered, or within the time fixed by an order of the court or judge in vacation. But it is also well settled by many adjudications of our courts that the trial courts in term, or the judges in vacation, have power, by successive extensions of time, to allow or extend the time for filing a bill of exceptions, provided that the order granting the extension is made either at the term at which the judgment was rendered or before the expiration of the successive extensions of time. We know of no law or decision that applies a rule to cases arising under the divorce statute other than that applicable to other causes. The power of the court to extend time for filing bills of exceptions is just as present and potent in divorce proceedings as in others.

It is said, however, that the decree of divorce was rendered at the June term, 1909, of the court, and while it is admitted that a motion for new trial was filed during that term and within four days after the rendition of the judgment or decree, it is claimed that there is no order showing a continuance of that motion from the June term to the October term and then over to the December term of the court. Hence it is

argued that the court lost jurisdiction at the December term to either allow time for filing the bill of exceptions, or to grant an appeal, and the appeal having been prayed for and taken at that term, and the bill of exceptions subsequently filed under an extension of time granted at that and following terms, that we neither have the case here by appeal, nor have we a bill of exceptions. We cannot agree to either proposition. Our statute (section 1611, R. S. 1899, now section 3876, R. S. 1909) provides: "No writ, process or proceedings whatsoever, civil or criminal, shall be deemed discontinued or abated by reason of the failure of any term or session of any court, nor by reason of any adjournment in the cases mentioned in this chapter, or otherwise, before the business pending in such court is disposed of, but the same shall be continued and proceeded upon as if no failure or adjournment had happened." This section (then section 1611, R. S. 1899) was construed by our Supreme Court in Harkness v. Jarvis, 182 Mo. 231, 81 S. W. 446, as covering and applying to exactly the situation here presented. The Supreme Court there held that the filing of a motion for new trial suspends the operation of the judgment until that motion is disposed of, and while it may in point of fact be entered on the records of the court, its operation is suspended until the motion for a new trial is disposed of; when that is done, the judgment entered relates back, so far as concerns the rights of parties, to the date of its original entry and rendition. Considering the effect on the judgment of the motion for a new trial, the court there holds that every motion filed in the cause, while it may be said to have not been actually submitted to the court, is theoretically lodged with the court; filed there for the consideration of the court; and that the failure of the court to actually consider it at the term at which it was filed and indicate or manifest its consideration by the record in the cause, should not have

the effect, practically, of overruling the motion. To the contrary, that the motion filed in the cause being in full force and pending at the time the court adjourned to the succeeding term, did not require any affirmative action on the part of the court to effect the continuance of it to the succeeding term, but being part of the undisposed of business of that term, by operation of law was continued to the next term, at which term, it still being a matter pending in court, the court had power to dispose of it. This rule announced in Harkness v. Jarvis was followed and applied by this court in Breeding v. Nelson, 142 Mo. App. 685, l. c. 692, 121 S. W. 1080. That being so, we hold that the failure to enter a formal order of continuance of the motion for a new trial from term to term did not have the effect of losing the benefit of the motion, as one pending. Hence it carried the judgment in suspense until the motion was finally disposed of, and the term at which it was disposed of was the proper term and the only term at which an appeal could be granted. We therefore hold that the point made against this appeal and the bill of exceptions is not well taken; that the cause is properly before us on appeal; the proceedings at the trial open to our review by the presence in the record of a bill of exceptions duly signed and filed within the time granted by the several extensions which the court made in due course in this case.

Examining that bill of exceptions as abstracted by counsel for appellant, supplemented by an abstract furnished by counsel for respondent, we find here presented a case in which the evidence by witnesses produced on one side was flatly contradictory on most every material point by those of the other. There was substantial evidence on the part of plaintiff of the truth of all the averments contained in her petition. She was supported in these statements by the testimony of other witnesses that she produced. On de-

fendant's part, absolutely denying every material fact alleged against him by plaintiff, he was supported in many of his denials by outside testimony. In this state of the evidence, the conflict of evidence depending upon the credibility of the witnesses who gave it, it may be said to be the invariable rule of the appellate courts of our state to sustain the action of the trial court. [See Stevenson v. Stevenson, 29 Mo. 95; Griesedieck v. Griesedieck, 56 Mo. App. 94, l. c. 98.] This is not a case such as that presented in English v. English, decided at this term, not yet reported, in which we have, to some extent, stated our views on the powers of this court in reviewing the evidence in this class of cases, and arriving at our own conclusions on the evidence. There we held that the facts themselves as in evidence did not make out a case. We refer to that case for a fuller statement of our views on this matter. Here we have an entirely different situation. If the facts pleaded by plaintiff and testified to by her and her witnesses were true, she is entitled to her decree. The truth of those facts lies in the credibility of the witnesses, and as to credibility, we submit to the superior means of judgment possesed by the learned trial judge. He heard and saw all those witnesses—except two, who gave their testimony by deposition, and as to their testimony the case would stand even if these depositions are eliminated—and was more competent to pass on their credibility than it is possible for us to be. On the evidence produced by her, plaintiff established facts which entitled her to a divorce under the law of our state. When that is so, as we said in Hamberg v. Hamberg, 147 Mo. App. 591, l. c. 595, 126 S. W. 808, courts have no power or discretion to deny it. The evidence in this case is ample to support the finding of the trial court, if he believed it. He certainly did, and we see no reason to disturb his finding.

Exception was taken to the admission of some of the evidence, as being against the rule excluding the testimony of the husband or of the wife as to communications made between each other, no third party being present and hence it is claimed confidential. The testimony objected to does not fall within the rule of exclusion; it consisted of vituperative epithets, personal abuse, facts necessarily and peculiarly within the knowledge of the wife, transpiring between her and the husband alone. Such acts—for they amount to acts, sometimes called verbal assaults—are not mere conjugal communications, and may be given in evidence. [Miller v. Miller, 14 Mo. App. 418, l. c. 419; Schweikert v. Schweikert, 108 Mo. App. 477, 83 S. W. 1095.]

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.