MINNIE H. THIESEN, Respondent, v. PETER O. THIESEN, Appellant.

St. Louis Court of Appeals, July 19, 1912.    Motion for Rehearing Overruled October 15, 1912.

1. DIVORCE: Petition: Sufficiency. In an action for divorce, a petition which sets out a number of the specific indignities relied upon will be sufficient to support a judgment of divorce, although it also contains general averments.

2. ————: Indignities: Sufficiency of Evidence. A husband who was quarrelsome and abusive towards his wife, and falsely accused her of being too fond of the company of a boarder at their home, and, on several occasions, called her vile names and applied vile epithets toward her, and while she was visiting another town, told her children she had gone there with another man, and offered a detective employment to furnish evidence derogatory to her character, was guilty of such indignities as justified the granting of a decree awarding the wife a divorce.

3. **APPELLATE PRACTICE:** Conclusiveness of Finding: Divorce. In an action for divorce, a finding by the court on conflicting testimony cannot be disregarded on appeal.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*William Sacks* for appellant.

(1) A petition alleging indignities in general terms is not sufficiently specific under the statute. Bauers v. Bauers, 19 Mo. 351; Endsley v. Endsley, 89 Mo. App. 600; Dwyer v. Dwyer, 26 Mo. App. 659. (2) One or two unconnected acts cannot be pleaded as showing that the plaintiff is entitled to a divorce on the ground of indignities offered by the defendant to the plaintiff. Kempf v. Kempf, 34 Mo. 211; Cannon v. Cannon, 17 Mo. App. 390; Mahn v. Mahn, 70 Mo. App. 337. In the case at bar the wranglings and differences were of an isolated and impulsive nature and in no way connected. (3) It is plainly evident that the wranglings and temper displayed by the defendant in this cause did not exceed that displayed by the plaintiff, and in connection with which our courts have held: "If both parties are guilty of improper conduct neither is entitled to a divorce." Morrow v. Morrow, 62 Mo. App. 299; Nagel v. Nagel, 15 Mo. 53; Hoffman v. Hoffman, 42 Mo. 547; McKeehn v. McKeehn, 84 Mo. 403; Wells v. Wells, 108 Mo. App. 88. (4) In conclusion, the judgment is against the preponderance of the evidence. Schuman v. Schuman, 93 Mo. App. 99; Jennings v. Jennings, 85 Mo. App. 290; Strahon v. Strahon, 82 Mo. App. 580.

*Sam D. Hodgdon* for respondent.

(1) Plaintiff's petition states a cause of action. Meyer v. Meyer, 158 Mo. App. 299, 303; Schweickert v. Schweickert, 108 Mo. App. 477. (2) Petition is good

after judgment when no objection is made by defendant. Dwyer v. Dwyer, 26 Mo. App. 649. (3) Nonsupport is an intolerable indignity on the part of the husband toward the wife, where the husband has ample means and the wife is compelled to take in boarders to support herself and children. Weller v. Weller, 154 Mo. App. 610. (4) A finding of the court in a divorce action on conflicting evidence of witnesses heard in open court will not be disturbed on appeal. Meyer v. Meyer, 158 Mo. App. 299; Stevenson v. Stevenson, 29 Mo. App. 95; Griesedieck v. Griesedieck, 56 Mo. App. 94; Schweickert v. Schweickert, 108 Mo. App. 477.

NORTONI, J.—This is a suit for divorce. The finding and decree were for plaintiff and defendant prosecutes the appeal.

The petition alleges that defendant offered plaintiff such indignities as to render her condition intolerable, etc., and proceeds to specify a number of the indignities proved at the trial. It is urged that the petition is insufficient to support the judgment, but, obviously, the argument is without merit, for, though it contains some general averments, a number of the specific indignities relied upon are amply set forth.

Both plaintiff and defendant are middle-aged persons and each had been married before. They were married about a year before the separation which culminated in the present divorce proceeding. The evidence of plaintiff and her several witnesses tends to prove that, after the first three months of their married life, defendant became quarrelsome and abusive toward her. Several witnesses say that plaintiff at all times treated her husband, the defendant, with kindness and affection and conducted herself as a good wife should.

Defendant is engaged in the real estate business, and it appears that plaintiff, besides assisting in the

office, kept boarders as well, to aid him in making a living. Notwithstanding this, defendant objected to one of the boarders and accused plaintiff of being too fond of his company, and, according to the evidence, in this defendant certainly erred.

It appears that defendant on several occasions became angered at plaintiff without sufficient provocation and called her such names as a "she-devil," "h—l cat," etc. Though defendant never actually struck plaintiff, it is said that upon two or three occasions, while in anger, he grabbed her arm and applied vile epithets toward her in a threatening manner. On several occasions, defendant called his wife a liar and a "d—d liar" and during one of these tantrums she pulled his moustache. On one occasion plaintiff visited Springfield, Missouri, to look after some property she owned there, and defendant said to her and told her children that she had gone to Monett with another man.

The parties resided in a home owned by plaintiff and she finally suggested to defendant that he had better move out as she had found it impossible to please him. It appears, too, from the evidence of a detective that defendant offered him employment to the end of furnishing evidence derogatory to plaintiff's character, but no such evidence was adduced. There is evidence in the record by defendant tending to contradict all of these charges, but the court found the issue for plaintiff as though the evidence of herself and her witnesses was true.

There can be no doubt that the facts above stated, if true, are sufficient to award the decree and as the court saw the witnesses face to face and heard them testify, we will defer to its judgment as to their credibility. [Griesedieck v. Griesedieck, 56 Mo. App. 94; Meyer v. Meyer, 158 Mo. App. 299, 138 S. W. 70.]

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.