

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

April 8, 1950

Hon. R. L. Whitehead
Criminal District Attorney
Longview, Texas

Opinion No. V-1041.

Re: The applicability to
Gregg County of Arti-
cle 2116c, V.C.S., re-
lative to selection of
juries, under the sub-
mitted facts.

Dear Mr. Whitehead:

Your request for an opinion is as follows:

"At present we are selecting our juries under Art.2094, V.C.S. We would like to select our juries under Art. 2116c, V.C.S. Sec. 1 of Art.2116c, V.C.S. says that this Article applies only to such counties wherein two or more District Courts are maintained.

"The County of Gregg is composed of the 124th Judicial District Court, and is over-lapped by the 71st Judicial District Court, both having jurisdiction over civil and crim-inal matters. This would seem, in this writ-er's opinion, to qualify this county.

"Under Sec.10 of Art. 2116c, V.C.S., it states that this act shall be cumulative of and in addition to the methods now authoriz-ed by the General Laws for the selection of a jury panel in the counties named and that this Article is optional with and in the dis-cretion of a majority of the District and County Judges.

"It is this writer's opinion that a vote of the Judges favoring the method instigated in Art. 2116c, V.C.S., would make that method applicable to Gregg County.

"After making diligent search I can find no cases relative to Art. 2116c, V.C.S. and

we respectfully request that your office
render an opinion as to whether this coun-
ty might select its jurymen under Art.2116c,
V.C.S."

Gregg County has a population of 58,027 inhab-
itants according to the last preceding Federal Census.

Article 2094, V.C.S., was first enacted by the
Legislature in 1907 and amended by the Acts of 1911.  It
was further amended by H. B. 163, Acts 41st Leg., R. S.
1929, ch.43, p.89, to read as follows:

"Article 2094.  Between the first and
fifteenth days of August of each year, in
each county having a population of at least
fifty-eight thousand or having therein a
city containing a population of at least
twenty thousand, as shown by the preceding
Federal Census, the Tax Collector or one of
his deputies, together with the Tax Asses-
sor or one of his deputies, together with
the Sheriff or one of his deputies, and the
County Clerk or one of his deputies, and
the District Clerk or one of his deputies,
shall meet at the court house of their coun-
ty and select from the list of qualified
jurors of such county as shown by the tax
lists in the Tax Assessor's office for the
current year, the jurors for service in the
District and County Courts of such county
for the ensuing year in the manner herein-
after provided."

Article 2116c, V.C.S., passed in 1935 (H.B.111,
Acts 44th Leg., 2nd C.S. 1935, ch.454, p.1744) is also
applicable to counties in the State wherein two or more
District Courts have been created and maintained or in
which two or more District Courts may hereafter be cre-
ated and maintained.  The pertinent portion of the Act
reads as follows:

"In each county under this law, the
Judges of the District and County Court
shall meet together every two (2) months,
or at such times as they may agree upon,
and determine approximately the number of
Jurors that are reasonable and necessary
for Jury service in all of the District and

County Courts of such county, for each week during a period of two (2) months, beginning ten (10) days after the date of such meeting, or for as many weeks in advance as they deem proper. After agreeing upon the number of weeks and upon the number of Jurors necessary for each of said weeks the presiding Judge shall appoint a Jury Commission in accordance with and under the provisions of the already existing General Laws governing the appointment of a Jury Commission, and with the same qualifications as are therein stated, who shall proceed to select the number of Jurors for each of the weeks designated by the presiding Judge, said Jurors to be selected by said Jury Commission in the mode and manner, and with the same qualifications, as is now fixed by existing Statute. The said Jury, so limited in number for each of said weeks, after having been regularly selected by said Jury Commission, shall be served by the Sheriff, or any other officer authorized under the law to serve Jurors, to appear and report for Jury service before the said presiding Judge, so designated, for the week for which it has been selected. Said Jury shall be known as the general panel of Jurors for service in all of the District and County Courts of such County, for the respective weeks for which they are designated to serve. Said Jurors, after being summoned shall report for Jury service before the presiding Judge* shall organize said panel, hear the excuses of said Jurors and swear them in for service for the week they have been selected, to try all cases that may be submitted to them in any of said Courts."

Article 2116c, V.C.S., further provides that such act is cumulative of and in addition to the methods now authorized by general laws for the selection of a jury panel in the counties herein named and the adoption of the method provided is optional with and in the discretion of a majority of the District and County Judges

---

* "Who" probably omitted.

of any county coming under the provisions of the Act.

Article 2094, V.C.S., was later amended by S.B. 36, Acts 51st Leg., R.S. 1949, ch.467, p.868, and reads in part as follows:

"Between the first and fifteenth days of August of each year, in each county having a population of at least forty-six thousand (46,000), or having therein a city containing a population of at least twenty thousand (20,-000), as shown by the last preceding Federal Census, and in each county having two or more District Courts holding sessions therein, regardless of population, the Tax Collector or one of his deputies, together with the Sheriff or one of his deputies, and the County Clerk or one of his deputies, and the District Clerk or one of his deputies, shall meet at the court house of their county and select from the list of qualified jurors of such county as shown by the tax lists in the Tax Assessor's office for the current year, the jurors for service in the District and County Courts of such county for the ensuing year, in the manner hereinafter provided."

The 1949 amendment to Article 2094, contained the following emergency clause:

"The fact that there are now some counties in Texas which do not have the populations provided in Article 2094, to require selections of jurors from a jury wheel, but have two or more District Courts, holding sessions therein, where, at present, each District Judge has to appoint separate jury commissioners to select jurors for his particular court, and such proceeding results in confusion and an unfair distribution of jury service, and often in duplications in the separate jury lists for such courts, create an emergency . . ."

In Popham v. Patterson, 121 Tex. 615, 51 S.W. 2d 680 (1932), the Court said:

"In construing statutes it is the duty of the court to ascertain the legislative

intent and, when such intent is once arriv-
ed at, it should be given effect; in fact,
such intent is the law. In determining the
legislative intent, the court should not look
alone to any one phrase, clause, or sentence
of the act, but to the entire act; and this
includes the caption, the body of the act,
and the emergency clause. In this connection
we hold that, even when the emergency clause
cannot be given effect as such, still its pro-
visions may be looked to if they aid the court
in ascertaining the legislative intent. . . .

"As to the question whether the act of
1931 repeals the act of 1930, we are of the
opinion that it does. In this connection it
will be noted that the act of 1931 is a lat-
er act, and, in so far as prescribing the
terms of office is concerned, it absolutely
conflicts with the 1930 act. The former act
fixes the term of office at four years, while
the latter act fixes such term at two years.
The act of 1931 does not mention that of 1930,
but in so far as the term of office is concern-
ed, the two acts are absolutely antagonistic
to each other. It follows that the latter act
repeals the former by implication."

Also see: Parshall v. State, 62 Tex. Crim. 177, 138 S.W.
759 (1911); Robertson v. State,, 70 Tex. Crim. 307, 159
S.W. 713 (1913); Townsend v. Terrell, 118 Tex. 463, 16
S.W.2d 1063 (1929); State v. Southwestern Gas and Elec-
tric Company, 145 Tex. 24, 193 S.W.2d 675 (1946); A.G.
Opinion No. V-990, January 26, 1950.

Inasmuch as Article 2094, as amended in 1949,
is mandatory and is a later expression of the Legisla-
ture than Article 2116c, and in view of the inconsisten-
cy between Articles 2094 and 2116c, "it follows that the
latter Act repeals the former by implication." This is
supported by the emergency clause in the 1949 amendment
to Article 2094, evidencing an intention of the Legisla-
ture for the method provided to be exclusive in select-
ing juries in the counties coming within the provisions
of the Act.

Subsequent to the repeal of Article 2116c by
the amendment to Article 2094 in 1949, Article 2094 was
amended by H. B. 36, Acts 51st Leg., 1st C. S., 1950,

Hon. R. L. Whitehead, page 6 (V-1041)

effective March 3, 1950. This amendment, which reenact-
ed Article 2094 and added a provision excluding counties
with a population of less than 20,000 inhabitants and
with two District Courts from the provisions of the Act,
has no effect on the conclusions reached herein.

Therefore, it is our opinion that the provi-
sions of Article 2094 will prevail and will govern the
method of jury selection in Gregg County.

### SUMMARY

Article 2094, V.C.S.; and Article 2116c,
V.C.S., which provide a method of jury selec-
tion in Gregg County are in conflict and an-
tagonistic to each other. Article 2094, being
a later expression of the Legislature, will
prevail over Article 2116c, and the method of
selection for juries in said county is by the
system commonly referred to as the "Jury Wheel
Law." Popham v. Patterson, 121 Tex. 615, 51
S.W.2d 680 (1932); Parshall v. State, 62 Tex.
Crim. 177, 138 S.W. 759 (1911); Robertson v.
State, 70 Tex. Crim. 307, 159 S.W. 713 (1913);
Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d
1063 (1929); State v. Southwestern Gas and
Electric Company, 145 Tex. 24, 193 S.W.2d 675
(1946); A.G. Opinion No. V-990, January 26,
1950.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By Burnell Waldrep

Charles D. Mathews
Executive Assistant

Burnell Waldrep
Assistant

BW:bh:mw